GLOBE MINING COMPANY *v.* OAK RIDGE COAL COMPANY

[No. 26,107. Filed October 8, 1931. Rehearing denied July 29, 1932.]

12

*Roy W. Adney, Parr & Parr, Kealing & Hugg,* and *Watson & Esarey,* for appellant.

*Matson, Carter, Ross & McCord, Austin V. Clifford, Adolph Schreiber,* and *Harry T. Ice,* for appellee.

MARTIN, C. J.—The Oak Ridge Coal Company brought a suit against the Globe Mining Company on October 31, 1917, in the Marion (County) Superior Court, Room 4, seeking to recover money alleged to be due on account and for services rendered. The cause was tried June 30-July 3, 1919, was taken under advisement until July 3, 1920, when, in the absence of any of the attorneys, officers or agents of the Globe company, judgment was rendered against it in the sum of $10,137.

The appellant, Globe Mining Company, brought this action in September, 1920 (by filing a motion), praying that such judgment be set aside for the purpose of permitting it to file a motion for a new trial, alleging that when the cause was taken under advisement an agreement was made in open court that when a decision was to be announced, its attorneys would be called into court; that its attorneys had made frequent inquiries as to when finding and judgment would be rendered; that the court did not notify them and that they did not learn of the decision or judgment until September 10, 1920, (too late to file a mition for a new trial, which under §612 Burns 1926 must be filed within 30 days after the decision is rendered). The court, after a hearing, sustained a motion by appellee to strike out and dismiss

appellant's motion. From such action appellant appealed to the Appellate Court, which court reversed the action of the trial court. *Globe Mining Company* v. *Oak Ridge Coal Company* (1927), 79 Ind. App. 76, 134 N. E. 508.

An amended complaint which alleged substantially the same facts was filed; a general denial closed the issues; the venue was changed to Boone County; trial was had and a judgment was again rendered against the Globe Mining Company, from which the present appeal was taken. The error assigned is that the court erred in overruling appellant's motion for a new trial, wherein it alleges that the judgment is not sustained by sufficient evidence and is contrary to law.

The uncontradicted evidence in this proceeding shows that at the close of the original trial between the parties on July 3, 1919, the trial judge, Hon. Vincent G. Clifford, stated that because of his ill health he was anxious to go on his vacation and would not decide the case until after his vacation. It was agreed that argument would be heard orally or by briefs after the vacation and that when the court was ready to announce its decision the parties would be notified. The case was argued orally about eight months later (February 28, 1920) and was thereafter briefed by the attorneys. At the conclusion of the argument the court again stated that when he got ready to decide the case he would send for the attorneys. On several occasions thereafter the court, upon being asked by counsel when he would decide the case, said that he had not reached it yet but that when he got to it and was ready to decide it he would give them notice and call them in.

On the last day of the June term (July 3) 1920, at 10 A. M. the court announced its decision. An attorney for the Oak Ridge Coal Company was present but no one was there representing the Globe Mining Company, and

no notice was theretofore or thereafter given to it or to its attorneys. The Globe Company was represented at the trial before Judge Clifford by three lawyers, viz.: Martin M. Hugg, Ward H. Watson and Sol H. Esarey. On July 3, 1920, both Watson and Esarey were out of the city of Indianapolis. Mr. Hugg was in Indianapolis and in his office all that morning, but was not called into court. On July 1, 1920, Mr. Hugg tried a divorce suit before Judge Clifford, who proposed to decide the same on the following Saturday (July 3) and was then advised that Mr. Hugg "expected to be in Probate Court all day Saturday" as he was on that day "going to close up the Fairbanks estate". On July 6 Judge Clifford met Mr. Hugg on the street and told him the reasons for not announcing publicly the decision in the divorce case, but did not say a word about the Oak Ridge-Globe Mining Company case. Neither the defendant, appellant Globe Mining Company, nor any of its attorneys discovered that a judgment had been rendered on the last day of the June term (July 3) until September 10, 1920, when steps were taken to enforce the same. The parties stipulated that a motion for a new trial setting forth fifteen reasons, which appear in the record, was tendered to the trial court.

Upon the foregoing statement of facts and the law applicable thereto we believe that appellant was ▆▆▆ entitled to have the judgment set aside to permit it to file a motion for a new trial.

At the time this action was brought §135, ch. 38, Acts 1881, §405 Burns 1914 (since amended by §1, ch. 115, Acts 1921, p. 277, §423 Burns 1926), provided, in part, that:

"The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and notice issued, as in original action, within two years from and after the date of the judgment."

It is also contended by appellant, admitted by appellee, and stated as the law of this case in *Globe Mining Company* v. *Oak Ridge Coal Company, supra,* at page 80, that, independent of statute, "where one litigant has obtained an unfair advantage over his adversary through fraud, inadvertence, surprise, accident, mistake or otherwise, and it would be against conscience to permit him to retain it, the court will grant relief". See, also, *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 501, 130 N. E. 1; *Nealis* v. *Dicks* (1880), 72 Ind. 374; *Weiss* v. *Guerineau* (1886), 109 Ind. 438, 9 N. E. 399.

At the time we denied a petition to transfer in the case of *Globe Mining Company* v. *Oak Ridge Coal Company, supra,* we approved the holding that §405 Burns 1914 did not apply to this case but as we are presently advised we believe that appellant was entitled to relief either under the statute or under the general principle of equity stated by the Appellate Court. It is true that under this section of the statute default judgments may be set aside, but there is nothing limiting it to defaults. In the case of default judgments it is held that the complaint or petition must show a meritorious defense to the action, but manifestly that is not applicable where the defense has already been made. Where there is a positive showing of error by fraud, accident or mistake the judgment will be set aside and where it is shown by facts such as here shown that a party has had its right to have the judgment reviewed by the trial court, as well as its right of appeal, cut off by fraud, accident or mistake, it would be unjust and inequitable not to grant it relief. It constitutes mistake, surprise, and excusable neglect, where a judgment is taken or rendered in violation of an agreement such as shown here. *Cavanaugh* v. *Toledo, etc., Ry. Co.* (1874), 49 Ind. 149; *Sturgeon* v. *Hitchens* (1864), 22 Ind. 107; *Beatty* v. *O'Connor*

(1885), 106 Ind. 81, 5 N. E. 880; *Dallin* v. *McIvor* (1894), 12 Ind. App. 150, 39 N. E. 765.

The appellee, supporting the action of the trial court, contends that the appellant failed to make out its case for the reason that it failed to prove an error in the trial or judgment for which an appellate court would reverse the judgment and order a new trial. This contention doubtless grows out of an erroneous interpretation of some dicta appearing in point 5, page 81, in the case of *Globe Mining Company* v. *Oak Ridge Coal Company, supra.* It was not necessary, and indeed would have been improper, in the trial of the issues in the case at bar to have entered upon a consideration of the alleged errors occurring at the trial of the original action between the parties. Those are matters properly to be considered after a motion for a new trial is filed. The trial of the present case was not to review the original cause nor to ascertain if error occurred at that trial, but the purpose of the action was to set aside the judgment rendered through fraud, accident or mistake for the purpose of filing a motion for a new trial (and if the same is overruled to prepare and file its bill of exceptions and appeal the case).

The judgment is reversed with directions to the lower court to enter an order setting aside the judgment of the Marion Superior Court, Room 4, rendered in the cause of *Oak Ridge Coal Company* v. *Globe Mining Company* on July 3, 1920, for the purpose of allowing the said Globe Mining Company to file therein its motion for a new trial.