COLVERT *v.* COLVERT.

[No. 13,977. Filed December 11, 1931. Rehearing denied March 18, 1932. Transfer denied December 16, 1932.]

Charles M. McCabe, William N. White, Edwin F. Mc-Cabe, and Edward L. McCabe, for appellant.

Courtney W. Dice, Lee Whitehall, Valentine E. Livengood, and Forest Livengood, for appellees.

Wood, P. J.—On June 22, 1929, appellant filed her second amended complaint in one paragraph in the Fountain Circuit Court, under Sec. 423 Burns 1926, Acts 1921, p. 277, seeking to be relieved from a judgment, taken against her in said court upon June 19, 1917, in an action wherein William Colvert was plaintiff, and Corwin Colvert and other named persons, including this appellant, were defendants.

The complaint alleges in substance that the plaintiff (appellant) was born on August 9, 1903, that she was

the daughter of Corwin Colvert. That Hester Jane Colvert was her grandmother, and she had four sons, to-wit: William, Armstrong, Charles, and Corwin Colvert. On April 29, 1905, Hester Jane Colvert was past eighty-three years of age and at that time was the owner of real estate in Fountain County, Indiana, describing it, then of the value of $100,000; that on said date she executed her last will and testament, under the terms of which, she devised her real estate to her son Corwin Colvert, in trust, for the use and benefit of which she devised her four sons, William, Armstrong, Charles, and Corwin Colvert, with the remainder in fee to such of her grandchildren as might be living at the date of the death of the last son surviving her.

That Hester Jane Colvert died testate September 18. 1908, the owner of said real estate; that said will was duly probated on October 3, 1908; that the order of probate still remains in full force and effect; that said will was never contested or set aside; that Corwin Colvert qualified as executor under the will, administered upon said estate, filed his final report which was approved, he was discharged as executor, and qualified as trustee under the will. At the time of her death Hester Jane Colvert left the following grandchildren surviving her, to-wit: William E., Fredrick, Catherine, and Louise (appellant) Colvert.

That on December 5, 1916, William Colvert, one of the surviving sons of Hester Jane Colvert, filed his complaint in two paragraphs in the Fountain Circuit Court against his brothers, Armstrong, Charles, and Corwin Colvert, also William E., Fredrick, Catherine, and Louise Colvert, the grandchildren above named, and Corwin Colvert, trustee, under the will of Hester Jane Colvert. In the first paragraph of this complaint, in addition to the usual averments to quiet title to real estate, the plaintiff set out a full copy of the will of Hester Jane

Colvert, and alleged that said grandchildren were basing their claim in and to said real estate upon said will. This paragraph of complaint closed with a prayer that title to said real estate be quieted in plaintiff and his three brothers as against said grandchildren and trustee.

The second paragraph of complaint alleged that the plaintiff and his three brothers, defendants, were the owners of said real estate, as tenants in common, were entitled to partition thereof, and closed with a prayer to that effect.

That the plaintiff (appellant) in this cause, at the time of the filing of the above complaint, was a minor, living with her father, Corwin Colvert, one of the defendants in said former action; that a summons was duly served upon her by the sheriff of the county, requiring her to appear and answer said complaint; that she relied upon her father to protect her rights, never appeared in court, and was informed by her father that her presence was not necessary; that the interest of her father, Corwin Colvert, while he was a nominal defendant, was adverse to plaintiff's interest; that upon the return day of said summons this plaintiff was defaulted, whereupon the court appointed an attorney, practicing at the bar of said court, as guardian ad litem to appear for and defend her interests, together with the interest of the other minor defendants; that he was also attorney of record for her father, Corwin Colvert; that the said attorney accepted said trust and entered upon performance of the same; that as said guardian ad litem he filed a demurrer to the first paragraph of the complaint of William Colvert, together with memoranda in which he asserted, (1) that the will of Hester Jane Colvert had been duly probated more than three years prior to the filing of paragraph one of said complaint, (2) that said will was not attacked in any way in said paragraph of complaint, (3) that the

appellant was a grandchild of Hester Jane Colvert, as shown by her will; that appellant was alive at the time of the death of said testatrix and was named as one of the legatees under said will, (4) that the title to said real estate vested in the grandchildren of testatrix at the time of her death, and that the only interest of the plaintiff, William Colvert, and the defendants, Armstrong, Charles, and Corwin Colvert, in said real estate was a life estate.

This demurrer was overruled, to which ruling the guardian ad litem excepted. He then filed an answer in general denial to the complaint.

The cause was submitted to the court for trial without a jury, and the court found for the plaintiff in said cause, quieting the title to said real estate in himself, and his brothers, Armstrong, Charles, and Corwin Colvert, as against this plaintiff and her minor co-defendants in that action, and ordering said real estate to be partitioned among the four brothers according to their respective interests. This judgment is still in full force and effect, it has never been appealed from or set aside. That all of said facts relating to said lands appeared of record and all persons were required to take notice of the same. That the defendants (appellees) Bertha Colvert, Attica Building & Loan Association, Albert C. Holley, Farmers-Merchants State Bank, and Mary H. Rohlfing were claiming some interest in said real estate, by virtue of conveyances in which the plaintiff did not join, and these claims were acquired with full knowledge of the proceedings in the cause above referred to.

The sons, Charles and Corwin Colvert, died after the judgment was rendered in the action brought by William Colvert. Fredrick R., William E., Catherine, Armstrong, and William Colvert and George McMurtrie, administrator of the estate of Charles Colvert, deceased, are made defendants to appellant's complaint to answer

as to any interest they might have in said real estate. It is alleged that the plaintiff (appellant) has a good defense to said cause of action, that under the will of Hester Jane Colvert the fee and title to said real estate vested in her grandchildren, and if said judgment is set aside that fact could be shown by said will.

The complaint closed with a prayer that the judgment in the cause in which William Colvert was plaintiff and this appellant and others were defendants be set aside and appellant be permitted to defend the same.

To this complaint the appellees, Farmers-Merchants State Bank, the Attica Building & Loan Association, Albert C. Holley, and William Colvert, each filed a demurrer. The other defendants (appellees) did not demur or answer this complaint. The demurrers above indicated were sustained. Appellant refusing to plead further, judgment was rendered against her. She appeals to this court assigning as error, that the court erred in sustaining said several demurrers to her second amended complaint.

The only question presented by the record in this case for our consideration is whether or not appellant's complaint alleges facts sufficient to entitle her to have the judgment of the Fountain Circuit Court, rendered against her upon June 19, 1917, set aside, thereby entitling her to appear and defend in said action. The court in which the judgment was rendered is a court of general jurisdiction. The complaint alleges that the appellant was duly served with summons in the action in which said judgment was rendered. It alleges further that the court appointed a guardian ad litem, who was a member of the bar, to represent and protect the interests of appellant and her minor co-defendants. There is no allegation or intimation in the complaint that the appointment of the guardian ad litem was procured through any collusion, fraud, or deceit of

any kind upon the part of any person connected with the litigation. The only allegation contained in the complaint, which in any way might be construed as questioning the propriety of his appointment, is the fact that the attorney appointed as guardian ad litem was acting as attorney for appellant's father, Corwin Colvert, and that their interests were antagonistic.

But we must assume from the allegation of appellant's complaint that the guardian ad litem was vigilant in the performance of his duties, for he immediately prepared and filed a demurrer to the first paragraph of the complaint, for and on behalf of his minor defendants, in which he presented to the court for its consideration and determination, the rights of said minors under the will of their grandmother, Hester Jane Colvert. This demurrer was overruled and he took the precaution to save an exception to the ruling of the court. He then filed an answer in general denial. The record then shows, as alleged in appellant's complaint, that "said cause being at issue is submitted to the court without the intervention of a jury, and the court having heard the evidence and being duly advised in the premises finds for the plaintiff, etc." There is no allegation in appellant's complaint that the guardian ad litem was not present at the trial, to protect and defend the interests of his wards, or that he failed in any manner whatsoever to faithfully and honestly perform the duties imposed upon him, by reason of his appointment. A judgment was rendered quieting title in the real estate in the four sons, William, Armstrong, Charles, and Corwin Colvert, against the minor defendants, after which the appellees, the Attica Building & Loan Association, Albert C. Holley, Farmers-Merchants State Bank, and Mary H. Rohlfing, acquired an interest in said real estate. There is no allegation in the complaint that they had notice of any infirmitives in the title to the

real estate, unless the facts alleged in appellant's complaint were sufficient to put them on inquiry. There is no allegation in the complaint that the judgment was procured through fraud, deceit, collusion or other improper means, resorted to, by or with any person interested in the cause, for the purpose of defrauding or misleading the court, thus obtaining the judgment of which complaint is made.

In the case of *Young* v. *Wiley* (1915), 183 Ind. 449, 107 N. E. 278, the Supreme Court of this State had before it for consideration the sufficiency of a complaint in which the facts were similar to those alleged in the instant case, except in that case the facts set out, upon which relief was sought, were much more forceful than in the case at bar. In that case, in an exhaustive opinion, in which every question presented by the record in this case was fully discussed, and the authorities collected and reviewed, the Supreme Court held that the complaint did not state a cause of action. See, also, *Seward* v. *Clark* (1879), 67 Ind. 289; *Globe, etc., Co.* v. *Oak, etc., Co.* (1931), 204 Ind. 11, 177 N. E. 868; *McKern* v. *Beck* (1920), 73 Ind. App. 92, 126 N. E. 641. Upon the authority of *Young* v. *Wiley, supra,* this cause is affirmed.

## ON PETITION FOR REHEARING.

WOOD, P. J.—Appellant has filed a petition for a rehearing of this cause which is supported by a vigorous brief. This court understands that appellant, in her proceeding in the court below, sought to be relieved from the effect of a judgment, under Sec. 423 Burns 1926, Acts 1921, p. 277. But in order to entitle herself to relief under that statute, she must allege facts showing that the judgment was taken against her, "through her mistake, inadvertence, surprise or excusable neglect." Counsel for appellants, in their brief in support

of their petition, say: "Of course, there was no charge of collusion, fraud or deceit. The case did not proceed upon any such ground. . . . It was planted upon the clear legal right under this statute to obtain relief from this judgment long enough to be permitted to defend." What that legal right is, does not appear in the complaint, unless it is the single fact that at the time of the proceedings in the cause of action where the judgment was rendered, from which appellant now seeks relief, she was a minor. Counsel permit themselves to be unduly wrought up concerning the consideration given to the acts of the guardian ad litem by this court in its original opinion. It is admitted by appellant that the court had jurisdiction over her person and the subject matter of the action. The record shows that the minority of appellant was suggested to the court, whereupon, as was his duty, and as Sec. 266 Burns 1926 provides, he appointed a guardian ad litem to appear for and defend appellant's rights. We have a right to infer from the proceedings appearing in the record that the court was fully aware of the nature and importance of the litigation, of the necessity of adequate and full protection for appellant's rights, and therefore appointed as guardian ad litem to represent her and the other minor defendants a member of the bar, who was both vigilant and skillful in the performance of his duties, and in the protection of the rights of his wards. "Although it is the policy of the law to protect the interests of an infant litigant, once this is done, an infant litigant over whom jurisdiction has been duly obtained, except as otherwise provided by statute, is subject and bound by the same rules of procedure as an adult litigant, his responsibilities as recognized by the law of the land being enforced against him." 31 C. J. §248, p. 1112, §298, p. 1141. "An infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the

course of the suit, to the same extent as a person of full age. . . . And a compromise, appearing to the court to be for the benefit of an infant, will be confirmed without a reference to a master; and, if sanctioned by the court, *cannot be afterwards set aside except for fraud.*" (Our italics.) *Thompson* v. *Maxwell, etc., Co.* (1897), 168 U. S. 451, 42 L. Ed. 545. "While courts should be, and are, tenacious of the rights of minors, yet they must proceed within recognized rules of equity, as well as of law." *Miedreich* v. *Lauenstein* (1908), 172 Ind. 140, 86 N. E. 963. So it is quite apparent that the exhaustive and thorough discussion of questions, much the same, in the case of *Young* v. *Wiley* (1914), 183 Ind. 449, 107 N. E. 278, and the rules of law therein announced, even though that case involved a collateral attack on a judgment, apply in this cause.

The statute under which appellant says she is proceeding does not apply or afford relief from errors of law committed by the court. *Thompson* v. *Harlow* (1897), 150 Ind. 450, 50 N. E. 474.

The case of *Macy* v. *Lindley* (1913), 54 Ind. App. 157, 99 N. E. 790, upon which appellant relies to sustain her cause of action, involves facts easily distinguished from the instant case and is not applicable here.

Petition for rehearing is overruled.