STATE EX REL. DAILY *v.* HARRISON, SPECIAL JUDGE

[No. 27,173.  Filed January 31, 1939.]

*Daily, Daily & Daily,* for relator.

*Oliver C. C. Fetta,* for respondent.

SHAKE, J.—This is an original action for a writ of mandate against a special judge of the Marion Municipal

Court, Room 2, to compel him to grant a change of venue from the judge.

It appears from the pleadings that on April 24, 1934, a default judgment on account was rendered against the relator by Room 1 of said court. Subsequently, relator brought an action for the review of said judgment in Room 2, claiming only errors of law in the proceedings. The court sustained a demurrer to the complaint to review and gave relator until December 12th to amend. On that date the relator filed a motion and affidavit for change of venue from the judge, without filing or offering an amended complaint. Thereafter, on December 23rd, the court on its own motion set aside the order granting time to amend, overruled the motion for a change of venue, and rendered judgment against the relator. This action followed. The above facts are taken from the petition and response and are undisputed.

The relator claims that his right to a change of venue under the facts is absolute. Respondent says that the sustaining of a demurrer to a complaint for a review of a judgment for errors of law only confirms the original judgment and terminates the suit, so that there was no action pending at the time the change of venue was asked.

When a proper affidavit has been made and filed in time, assigning a statutory ground for change of venue, the trial court has no discretion but must grant the change. *State ex rel. George, etc.* v. *Dean, Special Judge* (1935), 209 Ind. 276, 198 N. E. 792. Under such circumstances a writ of mandamus may be issued to compel the change. *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. (2d) 971.

It is to be noted that the several sections of the statutes relating to changes of venue from the judge

employ the word "pending" in making reference to the actions wherein such changes may be granted. Sections 2-1402, 2-1409, and 2-1424, Burns' Supp. 1937, §§193 and 207 Baldwin's 1934 and §207-1 Baldwin's 1937 Supp. *Rosencranz* v. *Tidrington* (1927), 199 Ind. 140, 144, 155 N. E. 705. After a demurrer to a complaint has been sustained, and after the time granted to amend has expired, and there is no request for further time, no cause of action is *pending* upon which an issue of law or of fact may be joined, and nothing remains for the court to do other than to enter a formal judgment.

*Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378, was a criminal case in which a motion and affidavit for change of venue from the judge was filed after the defendant had entered a plea of guilty and had unsuccessfully sought leave of court to withdraw his plea. The change of venue was denied and this court said (p. 164):

> "There was no available error in this ruling. Not being made until after the cause had been fully disposed of in all particulars except the formal rendition of judgment on the plea of guilty, the motion for a change of judge came too late. . . . Such a change is authorized only where the party shows by his affidavit that he 'cannot receive a fair trial' of some issue that remains to be heard."

In *Bonham* v. *Doyle* (1907), 39 Ind. App. 438, 77 N. E. 859, it was held that there could be no change of venue from the judge after a cause had been determined and while there was pending only a motion for a new trial as of right.

*Ex Parte Mumford* (1874), 57 Mo. 603, is a case where a demurrer was sustained to a complaint and thirty days given to amend. Within that period and before the amended complaint was filed, the plaintiff sought to take depositions. The defendant urged that

there was no such action pending as would warrant such procedure. Discussing the contention, the court said (p. 605):

> "When told by the court that the form in which it (the complaint) was presented was insufficient to be entertained, they did not go out of court, or abandon their demand, but at once proposed to follow it up in an amended petition. The court told them they might do this at any time within thirty days. Surely they could lose no advantage by taking the court at its word. They rightly considered themselves still in court, prosecuting their demand and failing in nothing, *until the thirty days should expire without an amended petition filed.*" (Our italics.)

The opinion does not consider in what sense an action may be said to be pending after a demurrer to the complaint has been sustained and the time for amendment has expired.

In the instant case the motion for change of venue from the judge was filed on the last day allowed for filing an amended complaint. Relator was bound to know that the judge to whom the motion was presented was entitled to determine its sufficiency and that this might not be done until a later day. He was likewise bound to take notice of the provisions of the statute relating to the subject and that if his motion was sustained several days might be required to effect the change. Section 2-1409 Burns 1933, §207 Baldwin's 1934. Prudence would have dictated that relators should have filed an amended complaint or asked a re-extension of time for that purpose before requesting a change of venue from the judge. The motion for change of venue did not toll the time to amend, and the relator must be held to have closed the door upon himself. When, on December 23rd, the court denied his motion for a change of venue and rendered judgment against him, he was already ten days delinquent

in complying with the order to amend. Under this state of the record he is not entitled to the relief sought.

The temporary writ to show cause heretofore issued is dissolved, and the petition is denied.