### GADDIE v. HOLLOWAY.

[No. 29,603. Filed October 24, 1957. Petition for Rehearing denied December 9, 1957.]

*Henry J. Richardson, Nola A. Allen* and *Clarence D. Bolden,* all of Indianapolis, for appellant.

*Frank R. Beckwith* and *Howard R. Hooper,* of Indianapolis, for appellee.

ACHOR, J.—This case comes to us on petition to transfer from the Appellate Court under §4-215, Burns' 1946 Replacement. See, *Gaddie* v. *Holloway,* 140 N. E. 2d 766, for opinion of the Appellate Court.

Appellant, on May 20, 1953, filed an action for damages resulting from an automobile collision. Appellee filed an answer and counter-claim thereto. Pursuant to Rule 31 of that court, the Municipal Court notified appellant to "file appropriate pleadings" to appellee's counter-claim or show cause on or before 9:30 A. M., May 25, 1955, or be defaulted. On that day appellant filed a motion for change of judge, which motion was taken under advisement. About 4:10 P. M. of that day the bailiff of said court called appellant's attorney by 'phone and told him that the motion for change of judge had been denied; that appellant had been defaulted; that a default judgment had been rendered against him in the sum of $400.00, and that the judge (pro tempore) had gone home.

A "complaint and motion" to set aside the default judgment was filed and denied on June 2, 1955, which was during the same term of court. It is from this default judgment and the overruling of appellant's said "complaint and motion" that this appeal is prosecuted. See, *Baker* v. *Ludlam* (1884), 118 Ind. 87, 20 N. E. 648; *Ayrshire Coal Co.* v. *Thurman* (1920), 73 Ind. App. 578, 127 N. E. 810, Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, §1350, *Comment 4,* at p. 147.

Two basic questions are presented by this appeal:

1.) Did the court commit error of law by defaulting appellant and entering judgment against him under the above state of circumstances?

2.) Was appellant's "complaint and motion" to set aside the default judgment sufficient to present any issue to the trial court from which appeal could be taken to this court?

As to the first question, we note that neither party raised an issue as to the sufficiency of the order or notice requiring appellant to "file appropriate pleadings." Therefore, we will assume, as did the parties, that the order and notice were sufficient. However, unless the contrary is made to appear, and it does not appear in the record, it must be assumed that the filing of a motion for change of judge satisfied the ruling to "file appropriate pleadings." Thereafter appellant could not be defaulted as a counter-defendant for violation of a rule of court without a further rule having been entered against him, with which rule he had clearly failed to comply.[1] Such are not the facts in this case. The default and judgment,

---

1. See: §2-1102, Burns' 1946 Repl., and annotated cases thereunder.

entered under the above circumstances, constituted an error of law on the part of the court which denied appellant his constitutional right to be heard upon the issues presented.[2]

We next consider the second question above stated. Did appellant, by his "complaint and motion," present any appealable issue to the trial court? Appellant's "complaint and motion" to set aside default judgment asked for relief upon two theories: First, by *complaint* in equity asking for relief on the grounds of mistake, inadvertence and excusable neglect. Relief was properly denied under this theory for the reason that the statute expressly provides that relief for such cause shall be granted " . . . on complaint filed and *notice issued,* as in original actions . . . " §2-1068, Burns' 1946 Repl. (Our italics), *Walker* v. *Sokol* (1952), 122 Ind. App. 664, 105 N. E. 2d 339, Flanagan, etc., §1351, *Comment 4*, pp. 149-150. There was no notice by service of summons in this case.

However, appellant's pleading was also a *motion* to set aside the default judgment filed in this case on the grounds that the default judgment, entered under the above circumstances, constituted a denial of due process by the court which was an error of law, from which appellant was entitled to relief when the error was

---

2. " . . . In its procedural aspect, the constitutional guaranty of due process of law assures to every person his day in court and the benefit of the general law, and means that there can be no proceeding against life, liberty, or property without observance of those general rules established in our system of jurisprudence for the security of private rights. It guarantees a course of legal procedure which has been established in our jurisprudence for the protection and enforcement of private rights. . . .

" . . . its essential or indispensable elements, or, according to other authority, its absolute fundamentals, or minimal requirements, are notice and opportunity to be heard or to defend. . . ." 16A C. J. S., §569(4) Constitutional Law, pp. 571-572, 574.

directly called to the attention of the court, at the earliest opportunity *during the same term of court.* With this contention we concur.

We conclude, therefore, that appellant's complaint and *motion* to set aside the default judgment in this cause was sufficient to present the issues therein stated without the necessity of service of summons, and that failure of the court to set aside the default judgment constituted reversible error.

However, we are presented with the further issue as to whether the question should have been raised by a motion for new trial, rather than a motion to set aside the judgment. Although it has been held that mistakes of law occurring during the trial may not be used as a basis of setting aside a judgment, *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1931), 204 Ind. 11, 177 N. E. 868, *Colvert* v. *Colvert* (1932), 95 Ind. App. 325, 178 N. E. 692, these cases, because of their nature, are not controlling of the issue with which we are here confronted. In those cases trials were had. Therefore, the proper procedure for reversing errors of law on the part of the court, occurring during the trial, was by motion for new trial from which an appeal could be taken.

However, in the case at bar, appellant was defaulted and judgment taken against him without any trial having been had. Therefore, no relief for the errors complained of was available to appellant by motion for a new trial. Rather, the only remedy available to him, by which the error could be corrected by the trial court prior to appeal, was a motion to set aside the judgment, asserting as ground therefor the errors of law committed by the court which denied him his right of trial. *State ex rel. Lawson* v. *Stodola* (1949), 226 Ind. 631, 82 N. E. 2d 896.

388

Judgment is therefore reversed, with directions to sustain appellant's motion to set aside the judgment, and further proceedings consistent herewith.

Arterburn, C. J., Bobbitt & Landis, JJ., concur.

Emmert, J., concurs in the result.

## On Petition for Rehearing

Achor, J.—Appellee asks for a rehearing on the ground that the motion for change of judge was not "an appropriate pleading," as required by the rule of the Municipal Court of Marion County.

It is true that a motion for change of judge is not a "pleading" in its strict or limited sense in that it does not contain a statement of contention designed to ■ narrow the field of controversy to a single issue. See, §§2-1001 and 2-1003, Burns' 1946 Repl., Black's Law Dictionary, Fourth Edition.

However, the rule to plead now before us was a general rule. It did not call for an answer or any specific pleading, but only for "an appropriate ■ pleading." A motion for change of judge, authorized by statute, filed for the purpose of assuring the parties a hearing before an impartial tribunal was "an appropriate pleading," within the general meaning of the term as used in the rule.[1]

The petition for rehearing is therefore denied.

Emmert, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

Note.—Reported in 145 N. E. 2d 426.
Rehearing denied 146 N. E. 2d 247.

1. "The term 'pleading,' in its general sense, embraces all proceedings from the complaint until issue is joined, and, in a still broader sense, covers all proceedings during the progress of the trial from its inception to its termination." 71 C. J. S., §4a, **p. 21.**