CITY OF EVANSVILLE *v.* BAUMEYER ET AL.

[No. 30,368. Filed June 22, 1964. Rehearing denied October 7, 1964.]

*Jerome L. Salm, Milford M. Miller* and *William C. Welborn,* all of Evansville, for appellants.

*Lockyear & Lockyear, Theodore Lockyear, Jr., Thomas Lockyear,* of Evansville, and *Arthur L. Hart,* of Vincennes, for appellees.

ACHOR, C. J.—The above captioned cause has been transferred to this court from the Appellate Court upon an equal division of the court, pursuant to §4-215, Burns' 1946 Replacement.

The issue in controversy arose from the following factual situation:

The appellees, on August 8, 1958, filed their complaint against appellant, City of Evansville, and others, to enjoin the enforcement of an order of the Municipal Civil Service Commission, dated August 2, 1958, establishing permanent ranks for the members of the police department of said city. The action was filed in the Vanderburgh Probate Court. The latter court issued a restraining order on said complaint.

On August 22, 1958, the cause was venued to the Gibson Circuit Court. The appellants filed a demurrer to appellees' complaint, which was sustained by the Gibson Circuit Court on November 1, 1958. The latter court, at the time of sustaining the demurrer, gave the appellees "until November 18, 1958, to *plead over*." [Our italics.]

On November 3, 1958, appellees filed their motion for change of venue from the county. The motion was sustained, and, thereafter, on November 24, 1958, the case was transferred to the Superior Court of Knox County.

On January 23, 1959 [being some 60 days after the date fixed by the Gibson Circuit Court to "plead over"], appellees filed an amended complaint. Thereupon, appellants filed a motion to strike the amended complaint from the files and to dismiss the action. This motion is grounded on the fact the sustaining of the demurrer to appellees' complaint, and upon the failure of appellees to file an amended complaint with-

in the time given, or any extension of time therefor, no cause of action or justiciable issue was before the court, but only a cause number, and therefore that appellants were entitled to have the "cause" dismissed or stricken from the record.

The motion was overruled and thereafter the cause was put at issue, tried, and judgment rendered for appellees.

The overruling of the motion to dismiss, above referred to, is the first error in the proceedings here asserted as cause for appeal. Thus, the first and primary issue presented in the case may be stated as follows: Does the filing of a motion for change of venue from the county satisfy the ruling of the court to "plead over," at a time when, because of the sustaining of a demurrer, no issues are pending before the court?

Appellants, in support of their position, cite and rely upon the case of *State ex rel. Daily* v. *Harrison, Special Judge* (1939), 215 Ind. 106, 107, 108, 109-110, 18 N. E. 2d 770. In that case the relator petitioned this court for a writ of mandamus to require the respondent to grant a change of venue, which writ was denied on the ground that the court having sustained a demurrer to the complaint, "there was no action pending at the time the change of venue was asked."

Because the facts in the above cited case were in many respects analogous to the facts in the case at bar, we quote therefrom at length. In resolving the issue presented this court stated:

"... The court sustained a demurrer to the complaint to review and gave relator until December 12th to amend. On that date the relator filed a motion and affidavit for change of venue from the judge, *without filing or offering an amended*

*complaint.* Thereafter, on December 23rd, the court on its own motion set aside the order granting time to amend, overruled the motion for a change of venue, and rendered judgment against the relator. . . . [our emphasis.]

The relator claims that his right to a change of venue under the facts is absolute. Respondent says that the sustaining of a demurrer to a complaint for a review of a judgment for errors of law only confirms the original judgment and terminates the suit, *so that there was no action pending at the time the change of venue was asked.* [Our emphasis.]

. . .

. . . After a demurrer to a complaint has been sustained, and after the time granted to amend has expired, and there is no request for further time, no cause of action is *pending* upon which an issue of law or of fact may be joined, and nothing remains for the court to do other than to enter a formal judgment.

[In] *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378, . . . [t]he change of venue was denied and this court said (p. 164):

' . . . Such a change is authorized only where the party shows by his affidavit that he "cannot receive a fair trial" of some issue that remains to be heard.'

. . .

. . . *The motion for change of venue did not toll the time to amend, and the relator must be held to have closed the door upon himself.* When, on December 23rd, the court denied his motion for a change of venue and rendered judgment against him, he was already ten days delinquent in complying with the order to amend. Under this state of the record he is not entitled to the relief sought." [Our emphasis.]

Appellees, in opposition to the position asserted by appellants, cite and rely upon the case of *Gaddie* v. *Holloway* (1957), 237 Ind. 382, 145 N. E. 2d 426, 146 N. E. 2d 247, which, they assert, is in direct con-

flict with the rule enunciated in the *Harrison* case, *supra*. They further assert that the *Gaddie* case, being the more recent decision upon the issue, is controlling. However, the latter case is distinguishable in that the factual situation is altogether different. In the latter case, justiciable issues *were* before the court, as presented by both a complaint and a counterclaim, and the order of the court merely directed the plaintiff to "file appropriate pleadings" to the counterclaim on or before a specified date. Therefore, a motion for change of venue was an appropriate pleading, authorized by statute, for the purpose of assuring the parties a trial, before an impartial tribunal, of the issues which were before the court.

In clear contrast with the *Gaddie* case, *supra*, the case at bar stands on the records of the court as a mere cause number, with named parties, and a right to file an amended complaint, within the limitations of the order of the court, but the case stood unsupported by any pleading or issue to which the motion for change of venue could be addressed. Therefore, although the rule to "plead over" did not specifically call for an amended complaint, such a pleading was clearly contemplated since it was the only pleading which could re-establish any issue in the case and again give the plaintiff any standing in the court.

We are judicially aware of the fact that the right of change of venue is abused frequently by parties for the mere purpose of delay. We have stated that a desire for delay is not a proper cause for seeking a change of venue from a county. *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 596, 99 N. E. 2d 839; *Chissom et al.* v. *Barbour et al.* (1885), 100 Ind. 1; *Houser* v. *Laughlin* (1914), 55 Ind. App. 563, 104 N. E. 309. We also judicially know that

changes of venue are frequently employed for the purpose of obtaining successive "rehearings" by different judges on the pleadings in a case. We should not and do not sanction further abuse of the right to changes of venue by permitting the filing of such motions when *no issue or justiciable cause of action* is actually before the court. Such procedure is with respect to the party adversely affected, in derogation of the constitutional guarantee that "Justice shall be administered . . . speedily, and without delay." Art. 1, §12, Indiana Constitution.

Under the facts presented in this case, for the reasons above stated, "The motion for change of venue did not toll the time to amend, . . . " *State ex rel. Daily* v. *Harrison, supra* (215 Ind. 106, 109). Therefore, upon appellees' failure to file an amended complaint within the time specified by the court, or an extension of time granted by the court for that purpose upon motion of the appellees, it was the mandatory duty of the court to dismiss the action.

Judgment is, therefore, reversed.

Landis, J., and Myers, J., concur.

Arterburn, J., not participating.

Jackson, J., concurs in the result.

### ON PETITION FOR REHEARING.

ACHOR, C. J.—Appellees assert first as ground for rehearing the fact that this court did not decide the merits of the case. In support of this position they cite the fact that it is the policy of this court to decide cases wherever possible on the merits. *Miller, etc.* v. *Ortman, etc., et al.* (1956), 235 Ind. 641, 650, 651, 136 N. E. 2d 17; Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate

Practice §2115, ch. 40, p. 4. However, as heretofore considered, the case was never before us on the merits. Therefore, despite the policy of this court to consider cases on their merits where possible, as stated in the Miller case, *supra*, this court could not properly consider the merits of the case since neither this nor any other court can voluntarily decide issues which are not before it. Rules of procedure are established to protect citizens from such a voluntary assertion of jurisdiction.

Furthermore, when, as in this case, a party has closed the door to a decision on the merits by his own conduct, he may not be heard to complain of a failure to decide issues so foreclosed from the court's consideration.

The second and third allegations of error assert that the following statement is improper:

" . . . The case at bar stands on the records of the court as a mere cause number, with named parties, and a right to file an amended complaint, within the limitations of the order of the court, but the case stood unsupported by any pleading or issue to which the motion for change of venue could be addressed."

It is asserted that the above statement contravenes both the ruling precedents of this court and statutory provisions. However, appellees, in making this assertion, misapprehend the meaning of the foregoing statement. It does not state that after the sustaining of the demurrer there was *no* pleading left in the case; it says there was none *to which the motion for a change of venue could be addressed.*

*Doughty et al.* v. *State Dept. of Pub. Welf. et al.* (1954), 233 Ind. 475, 121 N. E. 2d 645; *Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 129 N. E. 853;

and *Guthrie* v. *Howland* (1905), 164 Ind. 214, 73 N. E. 259, are cited by appellees as being contravened by the above statement. Those cases are merely authority for the fact that a party against whose complaint a demurrer is sustained has an absolute right to amend within limits set by the court and his complaint is not taken out but stands as a defective pleading, subject to amendment or judicial review.

Burns' Ind. Stat. Anno. §2-1010 (1946 Repl.) is also cited in support of the same proposition, by appellees. However, the principle stated in the above passage contravenes none of these authorities since the statement does not negate the right to amend. It merely holds that a pleading held insufficient to state a cause of action is also insufficient to support a motion for a change of venue.

Appellees' fourth allegation is based on the theories that the opinion erroneously stated that plaintiffs can be required to plead over after a demurrer to a complaint is sustained, and that this court erred when it stated that an amended complaint was the only pleading which could comply with the rule to "plead over."

To support their proposition that a plaintiff may not be required to plead over when a demurrer to his complaint is sustained, appellees cite Burns' Ind. Stat. Anno. §2-1013 (1946 Repl.) and the cases of *Jay* v. *The Indianapolis, &c. Railroad Co.* (1861), 17 Ind. 262, and *Mangeot* v. *Block* (1858), 11 Ind. 244. However, while advancing this argument appellees concede that §2-1013, *supra*, applies only to cases in which a demurrer has been *overruled*. Therefore the statute cited is not applicable to their situation. Furthermore, appellees have overlooked §2-1010, *supra*, which does apply, however, in the following language:

"If the court sustains or overrules a demurrer, *the party* [adversely] *affected by such ruling may plead over or amend,* upon such terms as the court may direct, and on payment of the costs occasioned by the demurrer." [Emphasis added.]

- Under the circumstances a plaintiff (appellant) can be and is required either to "plead over or amend," thereby asserting issues or conditions necessary to the statement of a cause of action, or suffer judgment on the basis of the issues he has asserted. Until he so pleads over or amends no other pleading by plaintiff (appellant) is contemplated. Language to the contrary in the Jay and Mangeot cases, *supra,* is inappropriate to support appellees' proposition since both cases were decided before §2-1010 became part of our law in 1881.

The second theory under the fourth allegation of error asserts that the decision of this case changes the meaning of the term "pleading" to exclude therefrom a motion for a change of venue and is therefore a deprivation of due process.

*Gaddie* v. *Holloway* (1957), 237 Ind. 382, 146 N. E. 2d 247, is cited to show that the term "pleading" includes a motion for change of venue. The decision of the court in the instant case makes no attempt to define the term "pleading"; it merely states that in order to give appellees standing on which to base a motion for change of venue some pleading must be filed of the type which either re-establishes the issues in the case or authorizes the court to enter judgment on the pleading, and the order of the court requiring appellees to "plead over" is so considered. Consequently there has been no change in meanings and no deprivation of due process.

The fifth allegation of error charges that the disposition of the case denies plaintiffs equal protection of the law because they are not allowed a change ■ of venue absent further pleading when a demurrer to their complaint is sustained while defendants whose demurrers are overruled are allowed a change of venue without further pleading. See: *Maley* v. *Citizens National Bank* (1950), 120 Ind. App. 642, 92 N. E. 2d 727. This argument is ill conceived. It fails to consider the fact that the suggested decision of the court would leave the parties in diametrically opposite positions. After the demurrer to the one case had been *sustained* there remained, according to the court's ruling, *no* valid cause of action before the court. However, on the other hand the overruling of the demurrer constituted a determination that a valid cause of action, stating a justiciable issue, *was* before the court. A claim of prejudice can with propriety be addressed only when there is present a subsisting cause of action.

Appellees' final contention is that the opinion of the court heretofore written erroneously denied to the court the right to exercise its discretion with ■ respect to the filing of an amended complaint. For the reasons hereinbefore stated the appellant was not entitled to a change of venue under the existing state of pleadings. Therefore the respondent court, which purported to permit the filing of an amended complaint acquired no jurisdiction in the cause because change of venue to it was unauthorized.

The assertions of error on which appellees based their petition are without foundation. Their petition for rehearing should therefore be denied.

Petition denied.

Arterburn, J., not participating.

Jackson & Landis, JJ., concur in the result.

Myers, J., concurs.

NOTE.—Reported in 199 N. E. 2d 472. Rehearing denied 201 N. E. 2d 493.