STATE EX REL. GUNN ET AL. *v.* SHELBY CIRCUIT COURT AND JOHN W. GODDARD, SPECIAL JUDGE THEREOF.

[No. 767S54. Filed November 8, 1967.]

*Pell and Matchett,* of Shelbyville, *Russell, Richardson, Bredell, Martin and McTurnan,* of Indianapolis, for relators.

*Kightlinger, Young, Gray and Hudson,* of Indianapolis, for respondent.

LEWIS, J.—Relator filed a petition praying for a writ of mandate and prohibition mandating the respondents to make the following orders in Cause No. 31204 pending in the Shelby Circuit Court:

"To overrule the plaintiff's motion for extension of time in which to file an amended complaint,

"To overrule the plaintiff's motion for the court to reconsider its ruling on the general demurrer of the defendants Gunn and Beasley to Legal Paragraph One of plaintiff's amended complaint,

"To grant the motion of these defendants Gunn and Beasley, and

"To grant the motion of these defendants to enter judgment in their favor,

"and prohibiting the respondents herein in said cause from taking any further action as to the defendants Gunn and Beasley other than to enter judgment in their favor."

The temporary writ prayed for by the relator was not issued by this Court. The respondents have filed a return and

brief in support thereof. The return urges that the relators are not entitled to the relief prayed for on the factual situation and the substantive law applicable thereto. In addition, the return urges that the relief prayed for in the petition should not be granted for the reason that an extraordinary writ of mandate and prohibition does not lie where there is adequate remedy by way of appeal.

Petitioner cites *State ex rel. Daily* v. *Harrison, Special Judge* (1939), 215 Ind. 106, 18 N. E. 2d 770, and *City of Evansville* v. *Baumeyer* (1964), 245 Ind. 643, 199 N. E. 2d 472, for the following legal proposition:

Where plaintiff fails to file an amended complaint within the time specified by the Court, or an extension of time granted by the Court for that purpose, upon proper motion being made by the defendant, it is the duty of the Court to dismiss the cause of action. This rule was again stated in *State ex rel. Randolph* v. *Hancock Circuit Ct.* (1962), 243 Ind. 156, 182 N. E. 2d 248.

In *State ex rel. Daily* v. *Harrison, Special Judge, supra,* and *State ex rel. Randolph* v. *Hancock Circuit Ct., supra,* this Court granted a writ of mandate to force the Trial Court to dismiss a cause of action under the above stated rule of law.

We do not here pass upon the question of the merits of the various motions pending before the respondent judge in the Shelby Circuit Court but we are limiting our opinion to the question of whether or not the remedy of mandate and prohibition is available to one who has a sufficient remedy on appeal. We conclude from the petition of relators and the response and the briefs in support thereof, that all the questions presented for the ruling of the respondent judge may be preserved on appeal. It is well settled in Indiana that the extraordinary remedy of mandate and prohibition will not issue if the question can be presented on appeal.

In this opinion we are not overruling the substantive law

in *State ex rel. Daily* v. *Harrison, Special Judge, supra,* or *State ex rel. Randolph* v. *Hancock Circuit Court, supra,* nor are we overruling the law stated in *City of Evansville* v. *Baumeyer, supra,* and we reaffirm the law to be as stated in each of those cases: that a plaintiff must be diligent in filing his amended complaint within the time specified by the Court, or an extension of such time granted by the Court, or suffer dismissal if a proper motion is made by a defendant.

We deny the writ for the reason that the petitioner may bring to the Appellate Court on appeal, the very question that has been raised by this writ, and it is the policy of this Court now, in dealing with original actions, only to grant writs in circumstances where irreparable injury will occur or where the avenue of appeal is not available.

We believe that with the full record before an Appellate Court, rulings of the Trial Court can be reviewed in the light of the full record, and after proper briefing, just as expeditiously and with greater care than on original actions.

The extraordinary remedy afforded by an original action is reserved for the unusual situation where appeal is not available or is an inadequate remedy.

The writ prayed for is denied.

Hunter, C. J., and Mote, J., concur.

Jackson, J., concurs in result.

Arterburn, J., dissents without opinion.

Note.—Reported in 230 N. E. 2d 610.