Deanna **GORMAN, Appellant–Plaintiff Below,**

v.

**NORTHEASTERN REMC, Appellee–Defendant Below.**

No. 57A04–9202–CV–64.[1]

Court of Appeals of Indiana, Third District.

July 8, 1992.

---

**1.** This case was diverted to this office by order of the Chief Judge.

Leonard E. Eilbacher, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellant-plaintiff below.

Wayne O. Adams, III, David J. Carr, Johnson Smith Densborn Wright & Heath, Indianapolis, John S. Bloom, Bloom Bloom & Gage, Columbia City, for appellee-defendant below.

STATON, Judge.

Deanna Gorman and her trial attorney, James Heuer, appeal the trial court judgment ordering them to pay over $11,600 in attorney fees and costs to Northeastern Rural Electric Membership Cooperative (Northeastern). The appellants raise four issues for our consideration. We *sua sponte* raise the issue of whether the trial court had subject matter jurisdiction over Northeastern's petition for attorney fees. Concluding that it did not, we reverse and decline to address the issues raised by appellants.

A review of the factual and procedural history of this case reveals that on November 6, 1989, Northeastern placed Gorman on disciplinary leave for the alleged violation of work rules. Gorman filed a grievance under the terms of her collective bargaining agreement with Northeastern to contest the disciplinary action. However, while the grievance was pending, Northeastern discharged Gorman for additional violations of work rules. Subsequently, Heuer wrote to Northeastern indicating Gorman's intent to file a lawsuit for wrongful discharge. Northeastern's attorney responded, advising that such a lawsuit would be preempted by the National Labor Relations Act, and that Northeastern would seek attorney fees under IC 34–1–32–1 if Gorman initiated such an action in state court.

Despite well-settled U.S. Supreme Court precedent, and Indiana case law, supporting Northeastern's position that Gorman's only recourse was to file a petition before the National Labor Relations Board, Gorman filed a wrongful discharge action in the circuit court of Whitley County, Indiana. Northeastern filed a motion to dismiss Gorman's lawsuit, which the trial court initially denied on January 30, 1991. However, on Northeastern's motion to reconsider, the trial court on February 6, 1991 granted the motion to dismiss. Two days later, Northeastern filed its answer, apparently unaware that the court had granted its motion to dismiss (and no doubt cognizant that its motion to reconsider did not extend the time for further proceedings under Ind. Trial Rule 53.4). On February 19, 1991, Northeastern moved for a change of venue, which the trial court granted. The parties venued to Noble County. Gorman took no action on her complaint in either Whitley County court or Noble County court following the dismissal of her claim. On June 4, 1991, Northeastern filed its petition for attorney fees. The Noble County court granted the petition.

▇▇▇ Once the Whitley County court dismissed Gorman's claim, however, it no longer had the authority to grant a change of venue request. Although the parties do not raise the issue, the lack of subject matter jurisdiction may be raised at any time, and it is the duty of the reviewing court to raise and determine the issue *sua sponte* if not raised by the parties. *Downham v. Wagner* (1980), Ind.App., 408 N.E.2d 606, *trans. denied*. Subject matter jurisdiction must be derived from the Constitution or from statute, and cannot be conferred by consent or agreement of the parties. *Twyman v. State* (1984), Ind., 459 N.E.2d 705, *reh'g denied*.

■ As this court once stated, "a dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." *Board of Trustees of the Town of New Haven v. City of Fort Wayne* (1977), Ind.App., 362 N.E.2d 855, 859, *rev'd on other grounds* (1978), 268 Ind. 415, 375 N.E.2d 1112, *reh'g denied.*[2] The decision of this court in *Squarcy v. Van Horne* (1975), 163 Ind. App. 64, 321 N.E.2d 858, *trans. denied,* is illustrative of this principle. In *Squarcy,* the appellant contested two codicils to her late father's will more than six months after the will and codicils were admitted to probate. The appellees filed a motion to dismiss because the action was not commenced within the statutory six month limitation period. The appellant then timely filed a motion for change of venue. Rather than consider the requested change of venue, the court granted the motion to dismiss. On appeal, the appellant argued that the trial court lacked jurisdiction to do anything but grant the requested venue change. *Id.* at 66, 321 N.E.2d at 859. Speaking through Judge Garrard, this court observed:

When there is a lack of subject-matter jurisdiction, the court has been said to be without jurisdiction to do anything in the case except to enter an order of dismissal. Accordingly, where an alleged lack of jurisdiction is brought to the attention of the court, determination of that issue takes precedence over ruling upon a requested change of venue.

*Id.* at 67, 321 N.E.2d at 860 (citation omitted). *See also State ex rel. Smith v. Chambers* (1937), 211 Ind. 640, 6 N.E.2d 950, *reh'g denied* (motion for change of venue is dependent on court's jurisdiction over the matter).

■ In this case, Northeastern did not file its motion for a change of venue until after the trial court dismissed Gorman's lawsuit. The trial court was powerless to grant such a request.

Our supreme court addressed a similar issue in *City of Evansville v. Baumeyer* (1964), 245 Ind. 643, 199 N.E.2d 472, *reh'g denied* 201 N.E.2d 493. In *Baumeyer,* a trial court sustained a demurrer to a complaint on November 1st, giving the plaintiffs until November 18th to plead over. On November 3rd, plaintiffs filed their motion for change of venue, and the cause was venued on November 24th. Plaintiffs did not, however, plead over by November 18th. Later, the defendants filed a motion to dismiss because the plaintiffs had not filed an amended complaint or request an extension of time in response to the demurrer, and therefore, there was no civil action pending before the court on which to grant the change of venue request. The trial court denied the motion to dismiss, and the defendants appealed.

Our supreme court reversed, concluding that the filing of a change of venue is not permitted where there is no issue or justiciable cause of action actually before the court. *Id.* at 649, 199 N.E.2d at 475. Likewise in this case, at the time Northeastern filed its motion for a change of venue, Gorman had not yet filed an amended complaint or requested an extension of time to do so. Thus, there was no cause of action before the trial court at the time the change of venue was requested, and the court did not have the authority to rule upon the request. *See also State ex rel.*

**2.** It could be argued that the trial court dismissed Gorman's lawsuit, not due to a lack of subject matter jurisdiction, but on the basis of Northeastern's alternate defense, i.e., that Gorman failed to state a claim upon which relief may be granted. *See* T.R. 12(B)(6). The trial court did not articulate the grounds for its dismissal of the case. However, it is beyond question that the court had no subject matter jurisdiction over Gorman's federal labor law claim. *See Bowlen v. ATR Coil Company, Inc.* (1990), Ind.App., 553 N.E.2d 1262, *trans. denied* (affirm-

ing dismissal of employee's alleged statutory cause of action for wrongful discharge due to preemption by federal law). Once it is determined that a court has dismissed a case for lack of jurisdiction over the subject matter of the lawsuit, the court is powerless to determine that the complaint fails to state a claim upon which relief can be granted. *United Steelworkers of America, AFL–CIO–CLC v. Northern Indiana Public Service Co.* (1982), Ind.App., 436 N.E.2d 826.

*Daily v. Harrison* (1939), 215 Ind. 106, 18 N.E.2d 770.

Because the cause was erroneously venued, the Noble County court had no authority to rule on Northeastern's petition for attorney fees.

For the foregoing reasons, we reverse and remand. Nothing in this opinion should be construed as precluding North-eastern from filing a petition for attorney fees in the Whitley County circuit court.

RATLIFF, C.J., and HOFFMAN, J., concur.