**Deanna GORMAN, Appellant–
Plaintiff Below,**

v.

**NORTHEASTERN REMC, Appellee–
Defendant Below.**

No. 57A04–9202–CV–64.

Court of Appeals of Indiana,
Third District.

Aug. 17, 1992.

Transfer Denied Oct. 26, 1992.

Leonard E. Eilbacher, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellant-plaintiff.

Wayne O. Adams, III, David J. Carr, Johnson Smith Densborn Wright & Heath, Indianapolis, John S. Bloom, Bloom Bloom & Gage, Columbia City, for appellee-defendant.

STATON, Judge.

Northeastern REMC petitions for rehearing from our opinion reversing an award of attorney fees due to the awarding court's lack of jurisdiction. *Gorman v. Northeastern REMC* (July 8, 1992), Ind.App., 594 N.E.2d 843. In our opinion, we concluded that the Whitley County Circuit Court did not have jurisdiction to grant a change of venue to Noble County because the original court dismissed the lawsuit for lack of subject matter jurisdiction, and no petition for attorney fees had as yet been filed in Whitley County. Northeastern makes four arguments in support of its claim that our determination was in error. Although we deny the petition for rehearing, we issue this opinion to clarify our original opinion.

### I.

Northeastern first contends that our opinion is in conflict with the holding of *Berkemeier v. Rushville National Bank* (1984), Ind.App., 459 N.E.2d 1194. According to Northeastern, *Berkemeier* stands for the proposition that a trial court's jurisdiction over attorney fees, standing alone,

is a sufficient jurisdictional basis for the grant of a motion for change of venue.

While we agree that the *Berkemeier* case allows a court with jurisdiction over attorney fees to grant a change of venue to allow the petitioner an unprejudiced adjudication of the issue, the jurisdiction of the court *must first be invoked* by petition or continuing jurisdiction of some kind. For example, in *Berkemeier,* a bank instituted an action to collect a promissory note secured by a mortgage providing for attorney fees. The court rendered a judgment that included $17,500 in attorney fees against the debtors, and the debtors appealed. The Court of Appeals reversed and remanded for a new trial. Nine days after the appellate opinion was handed down, the debtors filed a counterclaim and moved for a change of venue. Upon the appeal from the second trial, the Court of Appeals found that it was error to deny the motion for a change of venue. Specifically, the court found that Ind.Trial Rule 76(5) expressly allowed a party one change of venue if the application is filed within ten days from the date an order granting a new trial is entered. 459 N.E.2d at 1197. Thus, the trial court clearly had jurisdiction over the case and a change of venue was mandated.

In the present case, however, the jurisdiction of the Whitley County court had not been invoked, by petition for attorney fees or otherwise. In fact, nothing was before the court at the time Northeastern applied for a change of venue. *Berkemeier* and the rest of the cases cited by Northeastern are inapposite to this situation. *See, e.g., State ex rel. Interstate Finance, Inc. v. Superior Court of Marion County* (1963), 244 Ind. 491, 193 N.E.2d 909 (jurisdiction of the court invoked by petition for payment of trust funds filed by party requesting change of venue); *State ex rel. Duffy v. Lake Juvenile Court, Lake County* (1958), 238 Ind. 404, 151 N.E.2d 293 (jurisdiction of the court invoked by filing of a petition for finding of delinquency); *State ex rel. Boeldt v. Criminal Court of Marion County* (1957), 236 Ind. 290, 139 N.E.2d 891 (jurisdiction of court first invoked by defendant's application for discharge from hospital for mentally ill).

## II.

Northeastern also contends that this court erroneously determined that a party seeking attorney fees for the filing of a frivolous lawsuit cannot avail itself of a change of venue from a trial court lacking subject matter jurisdiction in the original claim.

This court made no such determination. The opinion recognized that the original court could entertain a petition for attorney fees (despite the fact that Northeastern failed to originally file its petition there). Once there is a motion, claim, petition, etc. before the court invoking its jurisdiction, Northeastern may then file a motion for a change of venue if it feels that the original court may be prejudiced in its adjudication of the merits of the petition. It is not for this court to advise Northeastern of its options upon remand, though the option of filing a motion for a change of venue remains. While this may result in duplicitous efforts by the original and venued courts, it is the result mandated by our trial rules and case law interpretations thereof.

## III.

Northeastern acknowledges that this court correctly followed the holdings of *City of Evansville v. Baumeyer* (1964), 245 Ind. 643, 199 N.E.2d 472, *reh'g denied* 245 Ind. 643, 201 N.E.2d 493, and *Squarcy v. Van Horne* (1975), 163 Ind.App. 64, 321 N.E.2d 858, *trans. denied.* Nonetheless, Northeastern argues that such holdings are in need of clarification or modification as to the right of a party to obtain a change of venue in attorney fee cases. We disagree.

Prior to the recent amendments to T.R. 76, a party that had filed a petition for attorney fees was automatically entitled to a change of venue if the motion was proper and timely. Even under the revised T.R. 76, a party petitioning for attorney fees may receive a change of venue. However, as stated in our original opinion, there was no attorney fee petition (or claim of any kind) before the original trial court on

which a motion for a change of venue could have been predicated in this case. Had such a petition been filed, the Whitley County court would then have had the authority to rule on a motion for change of venue. No petition having been filed, the grant of the venue request was a nullity, as were all proceedings thereafter.

### IV.

Finally, Northeastern contends that this court erroneously and materially misstated the record by indicating that no justiciable issue was before the original court at the time Northeastern filed its motion for a change of venue, because the original court retained jurisdiction over attorney fees, a justiciable issue.

This argument is disingenuous at best. While it is true that trial courts have inherent jurisdiction over the award of attorney fees, this jurisdiction had not been invoked by Northeastern, by way of filing a petition or by requesting fees in its motion for dismissal (so that the court could award fees in its judgment dismissing the case). Taken to its not-too-distant extreme, Northeastern's argument means that every court may grant a change of venue motion on any unfiled petition for attorney fees, inasmuch as every court has inherent jurisdiction over attorney fees, even if there is no lawsuit, claim, or action pending of any kind in that court. Northeastern had the obligation of first placing the justiciable issue of attorney fees before the Whitley County court. This it failed to do.

We regret that Northeastern will incur additional expense by properly refiling its petition for attorney fees (and by properly filing a motion for a change of venue if it so desires). However, we should not countenance disregard for the jurisdictional prerequisites established by the trial rules and well settled case law. The petition for rehearing is denied.

RATLIFF, C.J., and HOFFMAN, J., concur.