CITY OF TULSA v. JACOBS et al.

No. 30728. April 11, 1944.

Rehearing Denied May 2, 1944.

*148 P. 2d 172.*

E. M. Gallaher, John W. McCune, Thos. I. Munroe, and C. Lawrence Elder, all of Tulsa, for plaintiff in error.

Eldon J. Dick and Lou Etta Bellamy, both of Tulsa, for defendant in error J. W. Jacobs.

DAVISON, J. On November 29, 1938, J. W. Jacobs and 14 other policemen of the city of Tulsa were discharged or dismissed from active duty for economic reasons impelled by constitutional requirements. Mr. Jacobs, who had been a member of the police department of the city since 1932, was assigned to duty as a uniform radio patrolman.

On October 12, 1940, Mr. Jacobs instituted this action in the district court of Tulsa county against the city of Tulsa and various named officers thereof. Two causes of action were joined by the plaintiff; the first to recover salary alleged to have accrued in plaintiff's favor subsequent to his dismissal; the second, to compel reinstatement.

On the trial of the case the issues of fact connected with the first cause of

action were submitted to a jury. The second cause of action was determined by the trial court without the aid of the jury.

The judgment on the first cause of action was for the plaintiff and against the city of Tulsa. On the second cause of action the defendants prevailed.

The defendant city presents the case on appeal and the plaintiff presents a cross-appeal in connection with the second cause of action.

An examination of the record discloses that the proof in this case is in all essential respects the same as that reviewed by us in City of Tulsa v. Johnson, 193 Okla. 501, 145 P. 2d 198. In some respects the record in the case at bar is more explicit in matters of detail than the record in the cited case, but the added detail does not alter in any material respect the legal problems involved which, as reflected by the briefs, are the same as those in the Johnson Case, supra.

With a single exception hereinafter noted and treated, the decision in the cited case is of controlling importance in the case at bar. A restatement of the facts or a repetition of the discussion of the legal problems is unnecessary in this opinion.

One additional fact merits specific recognition in this opinion in connection with plaintiff's second cause of action. It is suggested by the record and briefs before us that subsequent to the dismissal of the 15 policemen, including plaintiff, single vacancies occurred in the police department which were filled by appointment from outside the ranks of those discharged for economic reasons.

In demanding reinstatement to active duty the plaintiff in this case, as in the Johnson Case, stood alone before the trial court as one of a number of similarly situated persons, formerly on active duty as policemen of the city, between whom no rule of preference based upon seniority existed.

Assuming, without expressing an opinion on the point, that the plaintiff's discharge or dismissal from active duty for economic reasons, as distinguished from a discharge for cause upon hearing in accord with the charter provisions, only operated to remove him from active duty and fixed his status as that of an inactive policeman, and assuming further, without deciding, that such inactive policemen are entitled to reinstatement upon the occurrence of subsequent vacancies in the police department, it must be remembered that when as in this case there are a number of similarly situated persons equally entitled to reinstatement and only one or at least a less number of vacancies than men on inactive duty available to fill the same, the men could only insist that the city authorities fill the vacancy by selection from among their ranks. Plaintiff standing alone could not insist that the discretion involved in the selection be exercised in his individual behalf.

Courts may and sometimes do exercise authority to compel public officials to act in matters where discretion is involved, but they do not undertake to control the discretion. Norris v. Cross, 25 Okla. 287, 105 P. 1000; Molacek v. White, 31 Okla. 693, 122 P. 523; see, also, Kimberlin v. Commission to Five Civilized Tribes, 104 F. 653, 44 C.C.A. 109.

The syllabus in the case of City of Tulsa v. Johnson, supra, is adopted as a part of the syllabus in this cause, and the judgment of the trial court on the second cause of action is affirmed. Otherwise, the decision of the trial court is reversed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur.