**STATE, ex rel. BOHLINGER, Relator, v. ANNAT et, Defendants.**

Common Pleas Court, Franklin County.

No. 188406.   Decided August 13, 1954.

454

456

Nelson Lancione, Columbus, for relator.

C. William O'Neill, Atty. Genl., Ralph Klapp, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By BARTLETT, J.

This is an action in mandamus wherein the Relator, the Superintendent of Insurance for the State of 'New York as domiciliary receiver of the Preferred Accident Insurance Company of New York, in the process of liquidating said company, seeks a Writ of Mandamus requiring the Respondent as Director of Commerce and Superintendent of Insurance of the State of Ohio respectively, to issue written instructions to the Treasurer of the State of Ohio to deliver possession of certain United States Treasury Bonds having a face value of $60,000.00, deposited with the said Superintendent of Insurance by said insurance company in accordance with **Paragraph 2, §9510 GC** (now **§3929.01 R. C.**), in possession of said State Treasurer, subject to the written order of said Superintendent of Insurance.

Said company was adjudged insolvent on April 30, 1951, and at that time was licensed to do business in this state, by virtue of the original deposit on November 23, 1911, in the sum of $50,000.00 of said bonds, later increased to $60,000.00 in accordance with said §9510 GC supra.

The Superintendent of Insurance has not been appointed ancillary receiver in this state and has not filed a petition for such, pursuant to §628-26 GC (now **3903.26 R. C.**), since he has expressly found that there were not sufficient assets of the insurer company located in Ohio to justify the appointment, in view of the fact that in excess of 400 claims amounting to more than $700,000.00 have been filed by Ohio residents with the New York liquidator and no petition for the appointment of an ancillary receiver has been filed with him by claimants residing in Ohio.

The final date for filing claims with the Relator as said liquidator, was October 31, 1951, and notice thereof was given by mail or publication to all interested parties; said publication notice was carried in a newspaper in Cleveland, Ohio, among others, once a week for three successive weeks.

Relator has allowed in excess of $80,000.00 to Ohio claimants, and has allowed and paid dividends totalling 50% to claimants outside of Ohio; but the dividends allowed to Ohio claimants, are being held in escrow, since Section 545, paragraph 2, New York Uniform Insurer's Liquidation Act prevents payment of dividends to the claimants in the states where there exists such a statutory deposit, until such deposit has either been distributed to the claimants of that state or turned over to the domiciliary receiver of New York.

The States of New York and Ohio each have adopted the Uniform Reciprocal Liquidation Act, similar in substance and effect, and is found in §§3903.24 to 3903.33 R. C. (formerly §628-26 to 628-35 GC), both inclusive; and §3903.25 R. C., provides said act "shall be liberally construed to the end that so far as possible the assets of insurers doing business in more than one state shall be equally and uniformly conserved in all states, and that claimants against such insurers shall receive equal and uniform treatment irrespective of residence or the place of the acts or contracts upon which their claims are based * * *." Such sections "shall be interpreted and construed so as to effectuate their general purpose to make the law of this state uniform with the law of those states that enact similar legislation." (Emphasis ours.)

On December 31, 1952, the Superintendent of Insurance requested an opinion of our distinguished Attorney General as to authority to comply with the request of relator to surrender to him the $60,000 statutory deposit in this state for the liquidation of all such claims in New York. The first dividend on claims filed with relator was allowed January 15, 1953.

The instant case was not filed until September 30, 1953, after 2½ years had elapsed and no action had been taken in Ohio to liquidate the assets of said company in this state; and, also, better than 9 months had elapsed without any action in Ohio, after such request for the surrender of such statutory deposit.

The Superintendent of Insurance in his request for an opinion, called the Attorney General's attention to the necessity for prompt attention to this matter, since "Ohio claimants cannot participate in the partial dividend to be distributed in the near future, until this matter has been decided, * * *."

The Assistant Attorney General on page 9 of his brief, suggests that if this Court refuses the writ of mandamus, additional proceedings would appear to be in order to reduce the deposit to the payment of Ohio policyholders.

Sec. 3929.01 R. C. (formerly §9510 GC), provides in part as follows:

"* * *

"a company of another state, * * * admitted to transact the business of indemnifying employers and others, in addition to any other deposit required by this state, shall deposit with the superintendent of insurance, for the benefit and security of all of its policyholders, fifty thousand dollars in bonds of the United States * * * which shall not be received by the superintendent at a rate above their par value." * * *

The $60,000.00 deposit in question was placed with the superintendent of insurance by virtue of the foregoing statutory provision; and it has been held that this deposit is for the primary benefit of Ohio policyholders, even though the statute says "for the benefit and security of all its policyholders." (Emphasis ours.) **State ex rel. Turner v. Union Casualty Ins. Co., 8 Oh Ap 285**; and the New York Supreme Court has held that on liquidation of a New York insurance company, the courts of that state must give effect to the Ohio court's decision that such statutory deposit is only for the benefit and security of Ohio policyholders. In re. Southern Surety Co., 9 N. Y. Supp. (2nd) 567, 282 N. Y. 54. Counsel for the Relator concede this to be the law of both states.

**Sec. 3903.38 R. C.** (formerly §641 GC) provides:

"If any company, * * * required by law to make a deposit with the superintendent of insurance, or other state officer, to secure the contracts of such company, * * *, or for any other purpose, * * * has become insolvent, the attorney general, on behalf of the superintendent, or such other state officer, and upon application of any person entitled to participate in such deposit, or the proceeds arising therefrom, shall commence a civil action in the Court of Common Pleas of Franklin County, making the company * * * a party defendant, to determine the rights of all parties claiming any interest in such deposit, to subject the deposit to the payment or satisfaction of all liabilities, and to distribute such fund among the persons entitled thereto." (95 O. L. 480.)

In 1939, many years subsequent to the enactment of the foregoing statute, the Uniform Reciprocal Liquidation Act was adopted by the General Assembly of Ohio, now §§3903.24 to 3903.33 R. C. (In 1940 New York passed substantially the same law.)

Pertinent sections of said Liquidation Act are found in the following sections of the Revised Code of Ohio:

**Sec. 3903.26** (formerly §628-26 GC).

"After the commencement of delinquency proceedings in another state against a domiciliary insurer in such state, a court of competent jurisdiction in this state may, on the petition of the superintendent of insurance of this state, appoint

such superintendent as ancillary receiver in this state of such insurer. The superintendent shall file such petition in either of the following instances:

"(A) If he finds that there are sufficient assets of such insurer located in this state to justify the appointment of an ancillary receiver;

"(B) If ten or more persons resident in a state having claims against such insurer file a petition in writing with the superintendent requesting the appointment of such ancillary receiver.

"As ancillary receiver the superintendent may sue for and reduce to possession the assets of such insurer in this state, and, subject to the rights of the domiciliary receiver, he has the same powers and is subject to the same duties, with respect to such assets, as are possessed by a receiver of a domiciliary insurer under the laws of this state."

Sec. 3903.28 (formerly §628-28 GC):

"If a delinquency proceeding is commenced in another state against a domiciliary insurer in such state, claimants against such insurer who reside within this state may file claims either with the ancillary receiver appointed in this state or with the domiciliary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceeding.

"In any such proceeding, controverted claims belonging to claimants residing in this state may be proved in the domiciliary state as provided by the law of such state, or if ancillary proceedings have been commenced in this state, they may be proved in such ancillary proceedings.

"If any such claimant elects to prove his claim in this state, he shall file his claim with the ancillary receiver in the manner provided by the law of this state for the proving of claims against domiciliary insurers, and he shall give notice to the receiver in the domiciliary state, either by mail or otherwise in writing, that such claim is being made to such ancillary receiver, and the nature and the amount thereof. The domiciliary receiver may appear or be represented in any proceeding in this state involving the adjudication of the claim. The allowance of the claim by the courts of this state is final and conclusive both as to its amount and also as to its priority against special deposits or other security located within this state."

Sec. 3903.30 R. C. (formerly §628-30 GC):

"The owners of special deposit claims against an insurer for which a receiver has been appointed in a delinquency proceeding in this or any other state shall be given priority

against their several special deposits, in accordance with the statutes requiring the creation and maintenance of such special deposits. If there is a deficiency in any such special deposit so that the claims secured thereby are not fully discharged, the claimants may share in the general assets, but such sharing shall be deferred until general creditors, and also claimants against other special deposits who have received a smaller per cent from their respective special deposits, have been paid a per cent of their claims equal to the per cent paid from such special deposit."

Sec. 3903.32 R. C. (formerly §628-32 GC):

"The ancillary receiver of assets in this state of insurers domiciled in other states and subject to delinquency proceedings therein shall, as soon as practicable, arrange the **liquidation or other disposition of special deposit claims** and secured claims proved in the ancillary proceedings in this state, and shall promptly transfer to the domiciliary receiver all remaining assets, after payment of expenses. (Emphasis ours.)

"The domiciliary receiver of another state may sue the ancillary receiver of this state in the courts of this state **for the purpose of collecting any surplus remaining in this state, and, if no ancillary receiver is appointed in this state, such domiciliary receiver may collect any assets of such delinquent insurer located in this state, and may sue in the courts of this state to obtain any such assets."** (Emphasis ours.)

Counsel for respondents emphasize that the deposit in question is a trust fund and must be administered as such. The Supreme Court of New York in the Southern Surety Co. case, supra, recognized that the Ohio Superintendent of Insurance holds the deposit as trustee of an express trust for the exclusive benefit of Ohio policyholders, and that in the liquidation of a New York Insurance Company, the New York court was bound to give effect to that fact, and thus preserve such security of Ohio policyholders.

The Relator has pledged he will administer the proceeds of said deposit as such trust fund if it is transferred to him.

Sec. 3903.30 R. C., outlines the same requirement as to the administering of the proceeds of such deposit by the receiver "appointed in a delinquency proceeding **in this or any other state."** (Emphasis ours.) New York has the same statutory right in Section 545, paragraph 2, of the N. Y. Insurance Code.

The fact that the Superintendent of Insurance holds such deposit as a trust fund, does not prevent the General Assembly of Ohio from providing by express statute other methods of carrying out the trust impressed, than the pro-

cedure outlined in the antiquated §3903.38 **R. C.** (formerly §641 **GC**), relied upon by counsel for Respondents.

The Liquidation Act passed by the General Assembly of Ohio in 1939, clearly provided such an alternative method of disbursing the proceeds of said deposit.

It is said:

"A trust never fails for want of a trustee, for it is within the general equity powers of a court of chancery to appoint one where that is all that is necessary to be done to make the trust operative. Where a corporate trustee, for example, a school district, fails because the law empowering or creating it is unconstitutional, a subsequent incorporation under a valid law will correct the defect." **40 O. Jur. Trusts, p. 203.**

Certainly the General Assembly may change the trustee or the method of administering the trust fund, as long as the trust itself is preserved, since the State of Ohio is the creator of the trust. The policyholders have vested rights in the fund, but the Superintendent has no vested right as trustee that is not subject to be divested by the sovereign state through its General Assembly.

It was held in the case of **Lawson v. Bricker, 20 Abs 643,** (1935) that former §641 GC, now §3903.38 **R. C.,** provided the only means by which such deposit could be liquidated; but the subsequent enactment of the Uniform Liquidation Act nullified that rule of law.

It is also true that in the case of **State v. Crabbe, 114 Oh St 517** (1926), it was held that "until the claims of domestic policyholders and creditors have been settled, an alien receiver is not 'a person entitled to participate' under said section " **(Sec. 641 GC.)** Again the subsequent adoption of the Uniform Liquidation Act, expressly nullifies the strict rule of law thus enunciated.

The Attorney General of Ohio, as legal adviser of the Superintendent of Insurance, suggested in his opinion of 1952 that:

"It would appear that a deposit of $60,000 is 'sufficient assets' located in this state to justify the appointment of an ancillary receiver, and perhaps enough to make it mandatory upon the superintendent to appoint such an ancillary receiver."

Whether the $60,000 deposit is sufficient assets in Ohio, to warrant the appointment of an ancillary receiver, is a question of fact rather than law, and the discretion is lodged in the Superintendent rather than his legal adviser, as to the justification of appointing such ancillary receiver. The Superintendent has made an express finding that there are not sufficient assets in Ohio to warrant such appointment, and he has not seen fit to reverse such finding.

On page 12 of his brief, counsel for Respondents, suggests that "It is a fact, that considerable expense is involved in requiring an Ohio claimant to prove his claim in New York." This suggestion does not merit very serious consideration, in view of the fact that over 400 claimants from Ohio have already filed their claims with the Relator in New York, and even at this late date not a single Ohio claimant has requested an ancillary receiver in Ohio.

Counsel for Respondents suggests that §3903.32 **R. C.** (formerly §628-32 **GC**), merely gives the domiciliary receiver, Relator in the instant case, the right to sue in Ohio to obtain any "assets" of the delinquent insurer located in this state, but that such statute does not mean the Relator has the right to "collect" on his suit.

In other words, counsel for Respondents undertakes to distinguish between a "right of action" and a "legal right to the statutory deposit." This is specious reasoning, and disregards the express terms of the statute in question, which provides the relator as "such domiciliary receiver **may collect any assets,** * * * in this state, and may sue in the courts of this state **to obtain any such** assets, if no ancillary receiver is appointed in this state." (Emphasis ours.)

This Court finds the Respondent, as Superintendent of Insurance, had the legal right, under §3903.26 **R. C.,** in the exercise of a sound discretion, after the commencement of delinquency proceedings in New York against the Preferred Accident Insurance Co. of New York, a domiciliary insurer in such state, to request the proper court in Ohio to appoint him as ancillary receiver to liquidate the assets in this state of such insurer, if he found such assets in this state were sufficient to justify the appointment of such ancillary receiver; but in the event such Superintendent in the exercise of a sound discretion, found such assets in Ohio were not sufficient to warrant his appointment as such ancillary receiver, and no such appointment has been made—he has a legal right and duty under §3903.32 **R. C.,** to transfer to the Relator as domiciliary receiver, for liquidation in New York. the special statutory deposit of $60,000, placed with said Superintendent of Insurance, in compliance with §9510 **GC** (now §3929.01 **R. C.**), said transfer being subject to the conditions of liquidation of such statutory deposit, prescribed by §3903.30 **R. C.**

The Court further finds that the Superintendent of Insurance owes a legal duty to the Ohio claimants against such delinquent insurer to exercise his discretion, within a reasonable time. either to request his appointment as such ancillary receiver or to transfer said statutory deposit to the domiciliary receiver, the Relator, for liquidation.

The Court further finds a refusal by the Superintendent of Insurance, for an unreasonable length of time, either to request his appointment as such ancillary receiver or to transfer such statutory deposit to the Relator as domiciliary receiver for liquidation, is prejudicial to the best interests of the Ohio claimants of such delinquent insurer, and constitutes an abuse of discretion, which warrants the Court in issuing the extraordinary Writ of Mandamus to transfer such statutory deposit to the Relator as such domiciliary receiver for the purpose of liquidating the assets of such insurer. Such unreasonable delay prevents the payment of Ohio claims already allowed, and thereby thwarts the purpose of the statutory deposit to guarantee the payment of such claims.

"Of course, the doubts of the officer, no matter how strong or honest, as to his duty, are of no consequence. inasmuch as the right to a writ of mandamus to compel the performance of an official act by a public officer depends upon his legal duty, and not upon his doubts. And where there is an act of an officer requiring the construction of a statute, concerning which there may be an honest difference of opinion, mandamus is the proper remedy to compel such officer to act in accordance with required construction, or to show cause why he does not." **25 O. Jur. Mandamus, Sec. 21, p. 994; State ex rel. Mannix v. Auditor, 43 Oh St 311; State ex rel. Atty. Gen. v. Hoglan, 64 Oh St 532.**

"It is the court's duty to solve all such doubts, and to declare the duty as it finds it to be, after its misgivings as to the intent and meaning of the statute involved, or as to any other question of law, has been eliminated." **25 O. Jur.**, supra; 125 Am. St. Rep. 495.

The Court finds that an unreasonable delay has ensued since the Respondent, as Superintendent of Insurance, found there were not sufficient assets in Ohio of the insurer to justify his appointment as ancillary receiver in this state; and that his duty to the Ohio claimants of said insurer. requires that he transfer said statutory deposit of $60,000 to the Relator as domiciliary receiver for liquidation of the assets of said delinquent insurer.

The Writ of Mandamus is ordered to issue in accordance with the prayer of the petition of the Relator. Entry accordingly with exceptions by counsel for Respondents.