ROSEMOND A. COOPER AND UNION CAB COMPANY *v.*
DONALD HIGH.

[No. 1074S203. Filed October 8, 1974.]

*Eric A. Frey, Rosenfeld, Wolfe & Frey,* of Terre Haute, for appellants.

*Robert L. Wright, Berry, Miller and Wright,* of Terre Haute, for appellee.

ON PETITION TO TRANSFER

GIVAN, J.—The appellee has filed a petition to transfer from the Court of Appeals. The Court of Appeals, First District, reversed the trial court and ordered a new trial, holding the trial court erred in giving an instruction on impairment of earning capacity. 303 N.E.2d 829, 39 Ind. Dec. 708.

We grant transfer in this case and sustain the trial court.

This case arose out of an automobile collision in which appellant's taxi "rear-ended" the automobile driven by appellee. A jury trial was had on the issue of damages only resulting in a verdict and judgment in the amount of $24,500.

The record reveals the following facts:

On September 11, 1969, the appellee's car was struck from behind by appellant's cab. Appellee's car was knocked 140 to 150 feet from the point of impact. The violence of the collision jerked the battery cables from the terminals and caused the battery to lodge against the engine. Appellee's glasses which he had been wearing were thrown to the back window of the car. The front seat was broken so that it almost touched the rear seat. The appellee missed two days of work following the accident. He was employed as a maintenance shift leader, the duties of which consisted of light janitorial work. His work record both before and after the accident was "very satisfactory." At the time of the trial he was at the top of the pay scale for his job. There was medical evidence that appellee was suffering from a severe strain of the neck as a result of the accident; that he had a limitation of motion in the right shoulder; that he had a pre-existing dormant arthritic condition which was aggravated by the accident; that if the condition continued to worsen surgery might be necessary; that his condition was permanent and would not improve. There was medical testimony that appellee's condition would preclude him from doing heavy janitorial work and that the injury would be aggravated by the use of vibrating hand tools.

The appellee testified that after the accident he was frequently in pain; that taking automobile trips made him ill; that extreme pain while using power tools kept him from mowing the lawn or doing carpentry work.

At the trial appellee's life expectancy was stipulated to be 17.05 years.

Appellants first argue the trial court erred in admitting plaintiff's Exhibit 24 into evidence. Exhibit 24 is a Doctor's bill for examination of the appellee on two different dates. Charges for one of the dates was included on one of the exhibits which was admitted, and is, therefore, not at issue herein. The charge for the second examination which occurred one week prior to trial presents the question at issue. Preliminary questions of the appellee by defense counsel revealed that appellee consulted his attorney as to the propriety of seeing the doctor for an examination on the date in question. Appellee stated that he wanted to see the doctor for the preparation of the trial. Defendants then objected to the admission of the doctor bill for the reason that it reflected charges "incurred as a part of trial preparations and not in the way of any form of treatment." The trial court overruled the objection on the ground that the "examination, if it results in diagnosis, is a part of the treatment."

The general law in Indiana is that expenses of litigation may not be included in damages. See *State ex rel. Uebelhor* v. *Armstrong* (1969), 252 Ind. 351, 248 N.E.2d 32, 17 Ind. Dec. 703. Although never before litigated in Indiana, it is established in other jurisdictions that medical expenses incurred for the preparation of litigation only rather than for treatment are inadmissible as items of damages. See 25 C.J.S. *Damages* § 47(2) p. 765; 22 Am. Jur. 2d *Damages* § 104 p. 154. This view is in accord with the Indiana policy of allowing the necessary and reasonable expenses for medical attention, medicine and nursing. *Hickey* v. *Shoemaker* (1960), 132 Ind. App. 136, 167 N.E. 2d 487.

In the case at bar, if appellee's only reason for seeing the doctor immediately prior to trial was for the preparation of trial, appellant would be correct in his assertion that it was error to include that bill in the amount of damages. However, the doctor involved testified that he did not feel there was any necessity for the appellee to return on a regular basis and did not anticipate appellee's return unless his condition became markedly worse. He testified that when the appellee did return just prior to the trial his condition was noticeably deteriorating. He testified that as appellee's condition continued to deteriorate that surgery might become necessary.

Evidence further shows that appellee asked if it was proper to see the doctor. There was no instruction by the attorney to his client to see the doctor. In this light, we cannot as a matter of law, say that the trial court erred in making its determination that the visit by appellee to his doctor immediately prior to trial was for the purpose of continued treatment of a worsening condition and not for the sole purpose of trial preparation.

We, therefore, hold that the trial court did not err in permitting the amount of the doctor bill to come into evidence as an element of damages.

Appellants next urge the trial court erred in giving Court's Instruction No. 8; that instruction is Indiana Pattern Jury Instruction No. 9.01 and reads as follows:

"The sole question which you, members of the jury must determine is the extent to which plaintiff was injured as a proximate result of this automobile collision. You must determine the amount of money which will fairly compensate plaintiff for those elements of damage which were proved by the evidence to have resulted from the negligence of defendant. You may consider:

(a) The nature and extent of the injuries.

(b) Whether the injuries are temporary or permanent.

(c) The physical pain and mental suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

(d) The value of lost time earnings, salaries and loss or impairment of earning capacity.

(e) The reasonable expense of necessary medical care, treatment and services and the reasonable expense of future medical care, treatment and services,

You are to determine whether these elements of damage have been proven by a consideration of the evidence relating to damages. Your verdict must be based on that evidence and not on guess or speculation."

Appellants objected to Sections (d) and (e) of this instruction, claiming that they were unsupported by the evidence. It is on this issue that the Court of Appeals reversed, stating they could find no evidence to support the instruction on loss of earning capacity.

Appellants are correct in their assertion that the giving of an instruction on an issue on which there is no evidence is error. *Baker* v. *Mason* (1968), 253 Ind. 348, 242 N.E.2d 513, 16 Ind. Dec. 285; *Rondinelli* v. *Bowden* (1973), 155 Ind. App. 582, 293 N.E.2d 812, 35 Ind. Dec. 556. It is sufficient that there be evidence of probative value from which the jury could infer damages. *Robertson Bros. Dept. Store* v. *Stanley* (1950), 228 Ind. 372, 90 N.E.2d 809; *Wallace* v. *Doan* (1973), 155 Ind. App. 316, 292 N.E.2d 820, 35 Ind. Dec. 260. Although at the time of the trial appellee was able to carry out his duties as a maintenance shift leader, there was evidence as to the nature of his injuries and the extent of the permanence thereof. There was also evidence as to the nature of appellee's vocation.

In view of the evidence of rapid deterioration of appellee's condition the jury could reasonably find from the evidence that appellee had suffered an impairment of his earning capacity as a maintenance supervisor.

As to appellants' contention there was no evidence as to medical expenses to support Section (e) of the instruction, we observe there was evidence from which the jury could infer future medical expenses. The appellee continued to be in pain

by his injuries; his condition was deteriorating and there was evidence that surgery might become necessary.

For the foregoing reasons we hold that the trial court did not err in giving Court's Instruction No. 8.

Appellants urge that the trial court erred in refusing to give Instruction No. 6, which reads as follows:

> "In your deliberations in this case, you must determine the amount of money which will fairly compensate plaintiff only for those elements of damages which were proved by the evidence to have resulted from the negligence of defendants. In the assessment of damages, you may not award plaintiff damages which are uncertain, or based on speculation or conjecture. Neither may you assess damages against the defendants for attorneys fees, trial preparation, or court costs, which plaintiff may have incurred. These are not proper elements for your consideration."

No evidence was presented at the trial as to the attorneys fees, trial preparation or court costs. It would have been improper, therefore, for the trial court to give this instruction. *Wallace* v. *Doan, supra.* The instruction that the verdict must be based on the evidence and not on speculation or conjecture was covered by the court's final instruction number eight.

Finally, appellants argue that the verdict and judgment of the trial court in the amount of $24,500 is excessive. To justify reversal on the grounds of excessive damages, the amount assessed must appear to be outrageous as to impress the court with its enormity. *Lloyd* v. *Weimert* (1970), 146 Ind. App. 666, 257 N.E.2d 851, 21 Ind. Dec. 230; *Wallace* v. *Doan, supra.*

From the evidence as above recited, the judgment does not appear to be excessive.

For the foregoing reasons, transfer is hereby granted and the trial court is affirmed.

Arterburn, C.J., DeBruler and Hunter, JJ., concur; Prentice, J., dissents.

NOTE.—Reported at 317 N.E.2d 177.