INDIANA ALCOHOLIC BEVERAGE COMMISSION *v.* STATE EX REL. VAUGHN E. HARMON.

[No. 2-276A50. Filed July 26, 1977. Rehearing denied August 30, 1977. Transfer granted July 25, 1978.]

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellants.

*David F. McNamar, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred to this office from the second District in order to help eliminate the disparity in caseloads among the Districts.

Defendant-apellant Indiana Alcoholic Beverage Commission (ABC) appeals from a judgment in favor of Vaughn E. Harmon which was rendered after trial on an action for mandate.[1]

## FACTS

Harmon was the holder of a two-way (beer and wine) liquor permit which had been issued to him by the ABC. In August, 1974 Harmon applied for a renewal of that permit. The Cass County Local Board of the ABC reviewed Harmon's application; two members of the local board voted to approve his application, one voted to deny it, and one abstained. Harmon's application was then submitted to the ABC for the actual renewal of the permit. The ABC wrote a letter to Harmon telling him that in light of IC 1971, 7.1-2-4-16 (Burns Supp. 1976)[2] the ABC did not consider the local board's action on his application a positive recommendation, and that if he wanted anything more to be done about his application, it would be necessary for him to take the next step. (The commission did not inform him as to what that step should have been.)

In September, 1974 Harmon filed a petition for review of the commission's announced "inaction" on his application. The commission did not respond to Harmon's petition for review, nor did it hold a hearing to determine the appropriateness of its failure to act upon Harmon's petition.

Each month Harmon sought a temporary permit from the ABC so that he could operate his establishment on a month

---

1. See IC 1971, 34-1-58-1 and 34-1-58-2 (Burns Code Ed.)
2. IC 1971, 7.1-2-4-16 (Burns Supp. 1976) states that three members of a local board constitute a quorum for the transaction of business, and that action may be taken only upon the affirmative vote of three members of that board.

to month basis. These monthly permits were granted, but they were not always issued in time to allow Harmon to run his business on a continuous basis. Because he did not know whether he would be in business from one month to the next, Harmon was unable to attract and hire certain entertainment groups to perform in his establishment. During this entire period the ABC failed to act upon either Harmon's application for the renewal of his permit or upon his petition for review.

In May, 1975 Harmon filed a verified complaint for mandate with the trial court, wherein he asked the trial court to compel the ABC to issue him a permit and $10,000 in damages. After hearing the evidence and the arguments of both parties the trial court entered judgment in favor of Harmon by awarding him $5,355 in damages and by ordering the ABC to hold a hearing to determine whether Harmon's two-way liquor permit should be renewed.

## ISSUES

The issues which have been presented to this court for review are as follows:

1. Whether the trial court had jurisdiction of the subject matter of the cause of action in the case at bar.

2. Whether the trial court denied the ABC a fair trial by not giving the ABC sufficient notice of the trial date and by denying the ABC's motion for continuance.

3. Whether the judgment of the trial court, which assessed damages against the ABC in the sum of $5,355.00 with costs and interest, was contrary to law.

## ISSUE ONE

The ABC contends that the trial court did not have subject matter jurisdiction of the cause of action in the case at bar. The ABC correctly contends that a trial court does not have the power or authority to order the issuance of a liquor per-

mit.[3] However, a careful examination of the order of judgment in the case at bar would show that the trial court did not order the ABC to issue Harmon a permit, but rather the court ordered the ABC to hold a hearing to determine whether a permit should be issued.

The ABC is the sole governmental agency in Indiana which is empowered to issue or renew a retail liquor permit. As such, it has a statutory duty to act upon each properly tendered application by either approving it or denying it.[4]

An action for mandate is a proper remedy when an inferior court, corporation, public or corporate officer or person fails to perform a duty which is imposed by law.[5] Therefore, when the ABC failed to act upon Harmon's application in accordance with its statutory duty, Harmon was empowered to seek to compel the agency to act by means of an action for mandate. It should be noted, again, that Harmon could not compel the ABC to issue him a permit, but he could compel the ABC to take action upon his application.

The ABC contends that since the local board did not approve Harmon's application with three affirmative votes, the commission itself was powerless to act upon that application. This contention is without merit.

IC 1971, 7.1-3-19-1 (Burns Supp. 1976) provides:

> "*The commission in its absolute discretion* shall issue, suspend, or revoke, except as otherwise provided in this title [7.1-1-1-1—7.1-5-11-16], a retailer's or dealer's permit of any type." (Our emphasis)

IC 7.1-3-19-10 and 7.1-3-19-11 (1976 edition) provide:

---

3. See IC 1971, 7.1-3-19-2 (Burns Supp. 1976), 7.1-2-3-9 (Burns Supp. 1976), IC 1971, 7.1-3-23-1 (Burns Supp. 1976), and *State ex rel. Alcoholic Beverage Comm.* v. *Lake Superior Court* (1972), 259 Ind. 123, 284 N.E.2d 746.
4. See IC 7.1-2-3-9, *supra,* and IC 1971, 7.1-3-1-1, *et seq.* (Burns Supp. 1976).
5. See IC 34-1-58-2, *supra.*

"Sec. 10. Commission's Action. The commission may investigate in any manner it deems best to enable it to act upon the application in a particular case. *The commission may grant or refuse the application accordingly as it deems the public interest will be served best.* The action of the commission on the application for a retailer's or dealer's permit of any type shall be final.

"Sec. 11. Deference to Local Board. *The Commission shall decline the application for a retailer's or dealer's permit of any type if a majority of the members of the local board recommend that the permit not be granted.*" (Citations omitted) (Our emphasis)

It is clear from IC 7.1-3-19-1, *supra,* and IC 7.1-3-19-10, *supra,* that the ABC has absolute discretion in granting or denying an application for a retailer's permit. Implied within that power to act is also a duty to act. The same public interest, which the ABC must consider when it decides to approve or deny an application, requires that action be taken upon each application within a reasonable time, so that an applicant will not, as in the case at bar, be suspended for an extended period of time at a point somewhere between approval and denial, not able to proceed with his business, nor able to further pursue his administrative remedies.

IC 7.1-3-19-11 indicates that the function of the local board is that of a recommending body. The Commission itself is the ultimate decision maker; it is required to follow the recommendation of the local board only when a majority (3 or more) of the members of the local board vote to deny the application for a permit. In all other instances the commission can act with or without the approval of the local board.

In the case at bar the ABC failed to act where it had a statutory duty to do so. It would have been proper for the court to mandate the ABC to act in accordance with its statutory duty.

Our examination of the pertinent statutes[6] reveals that prior to approving or denying an application for a permit the ABC

---

6. See IC 1971, 7.1-3-19-1 through 7.1-3-19-11 (Burns Supp. 1976).

has no statutory duty to hold a hearing; it is only required to perform whatever investigation it deems necessary. We are of the opinion that the trial court exceeded its authority when it required the ABC to hold a hearing.

## ISSUE TWO

The ABC contends that it was denied a fair trial by the court's denial of the ABC's motion for continuance. The ABC contends that its counsel in the Attorney General's office did not receive notice of the trial date for this matter until 3:30 p.m. on the day preceding trial. The ABC alleges that it did not have sufficient notice to allow its counsel to adequately prepare for trial.

The granting of a motion for continuance is within the discretion of the trial court, but such motion should not be denied if the moving party can show good cause for the continuance.[7]

The court in *Hambey, supra,* at page 398 stated the following:

"Trial courts traditionally have sought to accommodate counsel where continuances are sought in order that a litigant's case may be properly presented in court. In fact, reliance on judicial leniency in granting continuances has often served as an opiate to trial counsel. The result has been undue delay in disposition of pending cases. Courts in recent years have justifiably tended to be more strict in requiring 'good cause.' " (Citations omitted)

In the case at bar the Attorney General's office, counsel for ABC, had been directly involved in this matter for more than two months prior to trial. It would have been necessary for the Attorney General's office to have conducted a thorough investigation of the matter before it filed an answer. That office had several hours immediately prior to trial to make any last minute preparation. Also, the ABC, through its counsel in the Attorney General's office, made no attempt to show in

---

7. See *Hambey* v. *Hill* (1971), 148 Ind. App. 662, 269 N.E.2d 394.

what way it was prejudiced by the trial court's denial of the ABC's motion for continuance. There was no allegation that a necessary witness was absent or that time was needed to procure additional evidence.

In light of the facts mentioned above, it is our opinion that the trial court did not abuse its discretion in denying the ABC's motion for continuance. Therefore, we hold that the trial court did not err.

ISSUE THREE

The ABC contends that the awarding of damages in an action for mandate is contrary to law, unless such damages are awarded for a false sheriff's return. We do not agree.

IC 1971, 34-1-58-4 (Burns Code Ed.) provides:

"Said action for mandate shall stand for issue and trial, and issues of law and fact may be joined, and amendments, continuances and appeals granted therein, as in other civil actions; and in rendering final judgments in said actions, if the finding and judgments be for the plaintiff, the court shall grant and adjudge to the plaintiff *such relief, and such only, as he may be entitled to under the law and facts in such action, together with damages as in actions for false returns,* and the costs shall be awarded as the court may direct. [Acts 1881 (Spec. Sess.), ch. 38, § 807, p. 240; 1911, ch. 223, § 4, p. 541.] (Our emphasis)

Concerning IC 34-1-58-4, *supra,* our Supreme Court in *State ex rel. Cheeks* v. *Wirt* (1931), 203 Ind. 121, 177 N.E. 441, 448 stated:

". . . In other words, one obtains relief in an action for mandate because of his clear legal right to the performance of the act demanded and not because of the improper motive of the officer in refusing to perform the act. It is true, as appellant states in substance, that the law will give redress if local officials act 'corruptly and maliciously and to the injury of the scholar.' State ex rel. v. Gray, 93 Ind. 303, 305. But there must be a legal injury and the essence of a legal injury upon which mandatory relief can be predicated is the refusal to perform a duty, to the performance of which the complaining party has a clear legal right. Since

under our statute (section 1247, Burns' Ann. St. 1926, Acts 1881, Sp. Sess., c. 38, p. 240, as amended Acts 1911, c. 223, p. 541 [IC 34-1-58-4, *supra*]) *one who is awarded mandatory relief may be given damages,* the motive of an official in refusing to perform a duty might become material in assessing damages, if the injured party makes out a case for mandatory relief." (Our emphasis) (Our insert)

For the reason that our Supreme Court has construed the language in IC 34-1-58-4, *supra,* which reads, "as in actions for false returns" to be illustrative rather than restrictive, we hold that the trial court did not err in awarding damages in an action for mandate.

The ABC contends that in giving its order of judgment the trial court improperly included in its award of damages certain of Harmon's expenses which were incurred in preparation for litigation.

An examination of the trial court's findings of fact indicates that of the trial court's award of $5,355 in damages to Harmon there was included the amount of $300 which was for Harmon's expenses in traveling to and from Indianapolis to confer with counsel and to sign petitions and the verified complaint. The sum expended solely for the preparation for trial may not be included in damages. *Cooper, et al.* v. *High* (1974), 262 Ind. 405, 317 N.E.2d 177.

We now remand to the trial court and order and direct it to modify its judgment by deducting from the amount of damages awarded the sum of $300.00 and by eliminating the requirement that the ABC hold a hearing and by substituting in its place and stead an order that the ABC approve or deny Harmon's application, after conducting whatever investigation it deems necessary.

Upon compliance by the trial court with the order herein the judgment of the trial court is affirmed.

Robertson, C.J. and Buchanan, P.J., participating by designation, concur.

NOTE.—Reported at 365 N.E.2d 1225.