INDIANA STATE HIGHWAY COMMISSION *v.* JOHN ZEHNER, d/b/a ZEHNER TRUCK & AUTO SALVAGE COMPANY

[No. 2-176A9. Filed August 31, 1977.]

---

*Theodore L. Sendak*, Attorney General, *Darrel K. Diamond*, Deputy Attorney General, for appellant.

*Ferd Samper, Jr., Grant W. Hawkins, Samper, Samper, Thoms & Hawkins*, of Indianapolis, *Judith T. Kirtland*, of Indianapolis, for appellee.

SULLIVAN, P.J.—The Indiana State Highway Commission appeals from a trial court order directing it to determine the amount due upon John Zehner's claim for reimbursement of relocation expenses in conformity with certain trial court findings.

Zehner was the owner and operator of a truck and auto salvage yard in Porter County, Indiana. The land upon which the business was situated was appropriated by the State of Indiana in 1968, pursuant to a condemnation action for the establishment of a right-of-way for Interstate 94.

Sometime in 1967 or 1968 (the record is not clear), Zehner was approached by an agent of the Commission concerning the relocation of the business, in accord with the controlling statute at that time, Acts 1967, Chapter 316.[1] Zehner, having been advised to obtain two estimates from state-approved professional movers,

---

1. This Act, known as the "Relocation Assistance Act", remained in force until repealed by Acts 1969, Chapter 435, which brought state law into line with Chapter 5 of Title 23, United States Code.

submitted bids of $47,000 and $51,000. The Commission then allowed Zehner to exercise the option of effecting the move himself, provided the cost would be less than the low bid.

The procedure for documenting and substantiating the work done on a relocation project of this nature apparently is governed only by the Commission's internal operating guidelines. No statute appears to be applicable. An employee of the relocation section of the Commission testified that Zehner was told:

". . . to keep records of all the time of his employees, hourly rates of the employees and the charges for his various parts, machinery and just to give us, which would really be letters, documentation in writing for all his expenses, to keep it as he went."

Zehner performed the relocation job from around May, 1968, to January, 1969. He employed his son and another worker to assist him on the project. A voucher for $36,896.00 was presented to, and subsequently verified by, a field agent of the Commission in 1971.

The Commission refused to accept the claim, and a hearing was held on January 28, 1972, before Mr. Loren Winkler, Hearing Officer for the Executive Director. The Commission contended that the documentation provided by Zehner, which consisted only of time cards, many of which were blank as to time worked, was insufficient, and it demanded further substantiation of the claim. Zehner replied then, and repeatedly thereafter, that he could not furnish any further proof of the time spent on the job.

After more than three years since submission of the voucher and with no Commission approval or disapproval of the claim forthcoming, Zehner filed a complaint in Marion Circuit Court, seeking judicial relief from the Commission's inactivity.

The trial judge, after hearing testimony, entered, along with findings of fact, the following conclusions of law:

"II. *Conclusions of Law*

A.   That the law is with the Plaintiff.

B. That the defendant's contract with the plaintiff to relocate his business and the plaintiff did perform according to said contract. [sic]

C. That the plaintiff had exhausted his administrative remedies before initiating his lawsuit by reason of defendant's refusal to make a final determination on the claim for more than three (3) years.

D. That the plaintiff proved by a preponderance of the evidence that he is entitled to recovery from the defendant for relocation costs.

E. That the defendant's are bound by the guidelines set out in USC Title 23, Chapter 5 in determining the amount of plaintiff's claim.

F. That the cause should be remanded to the State Highway Commission to approve and pay the claim heretofore submitted by the plaintiff subject only to the adjustment of the hourly wage of the labor from $5.00 to $3.00 per hour as shown by the evidence in this cause and further adjusted by the addition of statutory interest on the sum determined."

The following Order was then issued:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff is entitled to recover from the Defendant, State Highway Commission on their claim consistent with the findings of fact and conclusions of law hereinabove set forth with interest pursuant to law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cause is remanded to the defendant agency to finally determine the amount of plaintiff's claim, approve and pay the said claim within ninety (90) days from the date of this judgment."

We are presented with two issues:

(1) Did the trial court have jurisdiction to review the refusal of the State Highway Commission to act on the claim?

(2)  Was the remedy granted by the trial court proper?

## I.

The Commission contends that the trial court was without jurisdiction because no formal decision had been rendered. We disagree.

The procedure for judicial review of state administrative actions is governed by the Administrative Adjudication Act, I.C. 4-22-1-18 (Burns Code Ed. 1974), which provides:

> "Judicial review — Procedure — On such judicial review such court shall not try to determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [4-22-1-1 — 4-22-1-30].
>
> On such judicial review, if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.
>
> If such court finds such finding, decision or determination of such agency is:
>
> (1)  Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or
>
> (2)  Contrary to constitutional right, power, privilege or immunity; or
>
> (3)  In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or
>
> (4)  Without observance of procedure required by law; or
>
> (5)  Unsupported by substantial evidence,
>
> the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.
>
> Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment."

Judicial review of administrative actions will generally be denied where there is no final decision or order determining the rights of the parties. *Downing v. Board of Zoning Appeals of Whitley County* (1971), 149 Ind. App. 687, 274 N.E.2d 542. This court will not attempt to control an agency's valid exercise of its discretionary powers nor will it interfere with interim acts of the agency which only contemplate a final decision. *Indiana Alcoholic Beverage Commission v. McShane* (1976), 170 Ind. App. 576, 354 N.E.2d 259.

The requirement of finality, however, does not afford an administrative body the right to arbitrarily delay a decision indefinitely when all material facts bearing upon the decision have either been supplied or have been admitted as unattainable. Zehner has repeatedly informed the Commission that he has no more documentation, yet the Commission refuses to either approve or disapprove the claim, in effect leaving Zehner in a state of financial limbo.

There are exceptions to the general requirement of a final and formal decision for judicial review. Where a public officer or administrative body ignores a clear legal duty to perform a "ministerial" act, as opposed to a "discretionary" act, the court may order such performance, provided no alternative legal remedy exists and provided irreparable harm would otherwise result. *State ex rel. Gumm v. Shelby Circuit Court* (1967), 249 Ind. 44, 230 N.E.2d 610; *Knutson v. State* (1959), 239 Ind. 656, 157 N.E.2d 469, rehearing den. 239 Ind. 656, 160 N.E.2d 200.

An act may be "ministerial" even though the person or agency performing it may have to satisfy himself or itself that a state of facts exist under which a duty of performance arises. *In re Village of Valentine Motel* (1966), 179 Neb. 655, 140 N.W.2d 1; *Hamlet Hospital and Training School v. Joint Committee* (1952), 234 N.C. 673, 68 S.E.2d 862; *See* 52 Am. Jur. 2d, *Mandamus*, §81.

In *Knutson v. State, supra*, it was held that the approval or disapproval by a municipality of a proposed plat subdividing city land was a "ministerial" act and was thus subject to court order.

The municipality could not, it was reasoned, ignore its clear legal duty to make a decision, one way or the other, on the acceptability of the proposal.

The statutory duty of an administrative agency to render a decision within a reasonable period was most recently affirmed in *Indiana Alcoholic Beverage Commission v. State ex rel. Harmon* (1977), 173 Ind. App. 636, 365 N.E.2d 1225, requiring the ABC to commence action on a renewal of a beverage permit which had been delayed:

> "[T]he ABC has absolute discretion in granting or denying an application for a retailer's permit. Implied within that power to act is also a duty to act. The same public interest, which the ABC must consider when it decides to ignore or deny an application, requires that action be taken upon each application within a reasonable time, so that the applicant will not, as in the case at bar, be somewhere between approval and denial, not able to proceed with his business, nor able to further pursue his administrative remedies." 365 N.E.2d 1225 at 1229.

In *North American Van Lines, Inc. v. I.C.C.* (N.D. Ind. 1976), 412 F. Supp. 782, Judge Eschbach commented on an attempt by the Interstate Commerce Commission to arbitrarily delay issuance of motor carrier certificates:

> "The statute [Title 49 U.S.C. §307(a)] does not by its terms, commit to agency discretion the decision of whether it will act upon the application or not; rather, the ICC is charged with the duty of granting or denying the applications, and applying reviewable statutory criteria in rendering its decision. . . . Unlike a matter truly committed to agency discretion by law, an arbitrary refusal by the ICC to consider an application is reviewable." 412 F. Supp. at 793.

In the related case of *North American Van Lines, Inc. v. I.C.C.* (N.D. Ind. 1974) 386 F. Supp. 665, involving the same litigation, Judge Eschbach also stated:

> "The Commission defends its assertion of its power to link new certificate application decisions to the investigatory power and to impose the consequent delay as being 'procedural' and within the 'broad inherent authority' which the Supreme Court has recognized agencies have to develop their

own procedures. *But the 'procedural' label cannot be used to shield agency action which is otherwise improperly amenable to judicial review.*

* * *

Accordingly, procedural or not, the agency action in this unusual case will be reviewed according to the standard principles governing limited judicial review." (Emphasis supplied) 386 F. Supp. at 678.

The Commission contends that the determination of the validity of the claim is a discretionary act and is therefore not amendable to judicial review. The question before us, however, is not the validity of the claim, but rather the right to have its validity determined.

Courts have ordered the performance of "discretionary" acts by administrative bodies which have either abused their discretion or have refused to use their discretion at all. *Safir v. Gibson* (1969), 417 F.2d 972, cert. den. 400 U.S. 850; *U.S. v. Shaughnessy* (1950), 183 F.2d 371; *State ex rel. Bohlinger v. Annat* (1954), 68 Ohio L. Abs. 453, 123 N.E.2d 71; *See* 73 C.J.S., *Public Administrative Bodies and Procedures,* §208.

In *City of Tulsa v. Jacobs* (1944), 194 Okla. 189, 194, 148 P.2d 172, 174, the court stated:

"Courts may and sometimes do exercise authority to compel public officials to act in matters where discretion is involved, but they do not undertake to control the discretion."

In *Bess v. Park* (1955), 132 C.A.2d 49, 55, 281 P.2d 556, 560, it was stated:

"While it is true, as contended by appellant, that the courts will not attempt to compel a public official to exercise his judicial discretion in any particular manner; nevertheless, where the law imposes upon him specific duties and he either refuses to perform those duties, or where his refusal is based upon an erroneous conclusion of his legal duties, or where the right of the individual is so fixed that the refusal of the official to act amounts to a clear abuse of discretion, such errors will be corrected in a proper judicial proceeding."

The Commission further asserts that Zehner has not exhausted his administrative remedies, therefore rendering his request for judicial review premature. We need only echo the sentiments expressed in *State v. Morand* (1976), 169 Ind. App. 604, 349 N.E.2d 718, 721:

"While Indiana has long followed the doctrine of exhaustion of administrative remedies, implicit in all reported cases is the assumption that the statutory remedy is available at the time the challenged judicial relief is sought. The General rule is stated in 73 C.J.S. *Public Administrative Bodies and Procedure* §41, at 354:

'The rule [requiring exhaustion of administrative remedies] is inapplicable when no administrative remedy is provided. . . . Such statutory procedure must be followed *at least to the extent of the remedy available* before resort is made to any common law or equitable remedy.' "

In the case at bar, Zehner came before the bench devoid of any further remedy. For three years he had continually informed the Commission that he could furnish no further documentation, yet no action was taken. The Commission had a clear legal duty to render a decision in a timely fashion, and the decision itself, as to either approval or disapproval, is an act which is amenable to court order when wrongfully delayed or denied.

Judicial intervention by the trial court was proper.

II.

Although having established the trial court's right to review the Commission's inaction, we take exception to the specific remedy granted.

I.C. §4-22-1-18 provides:

"If such court finds such finding, decision or determination of such agency is:

(1) arbitary, capricious, an abuse of discretion or not otherwise in accordance with the law . . . ,

* * *

The court may order the decision or determination of the agency set aside. The court may remand the case to the

agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed."

The trial court directed that the claim be approved and paid, subject to reduction of wages from $5.00 to $3.00 an hour, and that statutory interest be added to the sum.

The trial court exceeded its authority in its order. Unless the proper determination may be made as a matter of law, I.C. 4-22-1-18 allows the trial judge only to set aside a decision of an agency and remand for a new hearing. *See Indiana Alcoholic Beverage Commission v. Lamb* (1971), 256 Ind. 65, 267 N.E.2d 161. The trial judge may not hold a trial de novo nor may he hear evidence and testimony apart from the record of the administrative hearing. To do so would constitute an infringement upon the discretion of the agency. *Indiana Alcoholic Beverage Commission v. Lamb, supra; Indiana Board of Pharmacy v. Horner* (1961), 241 Ind. 326, 172 N.E.2d 62.

We reverse the trial court's order and remand the cause with instructions to direct the Indiana State Highway Commission to make an expeditious determination of the claim.

Buchanan and White, JJ., concur.

NOTE—Reported at 366 N.E.2d 697.