Dear Director Limke
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. May the Oklahoma Public Employees Retirement System (OPERS)lawfully amend, modify, or correct its prior certification of thecredited service of those persons whose retirement systemmembership was transferred to the Oklahoma Law EnforcementRetirement System (OLERS) pursuant to 47 O.S. 2-309.1(1981)?
 2. If your answer to the first question is in the affirmative,may OPERS lawfully decline or refuse to amend, modify, or correctsuch prior certification of credited service based solely on thefailure of a member to submit, prior to OPERS' certification,proof of prior military service in a particular form,notwithstanding the absence of a statute or OPERS ruleestablishing such a requirement?
 INTRODUCTION
¶ 1 Prior to July 1, 1980, all employees of the Oklahoma State Bureau of Investigation (OSBI), were members of the Oklahoma Public Employees Retirement System (OPERS). Effective July 1, 1980, legislation was enacted transferring the retirement system membership of the commissioned officers of the OSBI to the Oklahoma Law Enforcement Retirement System (OLERS). Title 47O.S. 2-309.1 (1981) required the conversion of "OPERS time" to "OLERS time," providing in pertinent part:
 Also, the Oklahoma Public Employees Retirement System shall give to the Oklahoma Law Enforcement System a certified statement of credited service accrued by such transferred members. Service accrued by officers of the Oklahoma State Bureau of Investigation and the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control under the Oklahoma Public Employees Retirement System shall be treated as credited service under the Oklahoma Law Enforcement Retirement System.
(Emphasis supplied).
¶ 2 Section 2-309.1 (all statutory references are to title 47 unless otherwise indicated) thus established reciprocal duties in OPERS and OLERS. OPERS was required to provide OLER with a certified statement of the transferred members' credited service, which certification OLERS was required to accept. See, A.G. Opin. No. 81-294, requiring OLERS to accept and apply the credited service certified to it by OPERS.
¶ 3 Your question assumes that some OSBI employees who were transferred from membership in OPERS to membership in OLERS had not been credited, at the time of transfer, with military service earned prior to their employment by the OSBI. (The credit referred to was authorized by 74 O.S. 902(11) and 74 O.S.902(23), 74 O.S. 913(1)(d), and 74 O.S. 913(2)(c) (1981), statutes which have since been amended in ways not material to this opinion.) It is not possible in an Attorney General's Opinion to ascertain whether the omission of credit for prior military service from the transferee's records was due to clerical errors by OPERS or the failure of members to make a proper and timely request for the credit. Nor is it possible to define a proper and timely request independently of the operative facts. Indeed, it is neither possible nor desirable to attempt to explicate all of the factual scenarios which might shape the legal rights of the transferees. However, a consideration of multiple fact patterns is unnecessary to our determination of the legal principles applicable to the exercise of OPERS jurisdiction. Part I of this Opinion reviews the authority of OPERS to reconsider its prior certifications. Part II analyzes the conditions under which OPERS may lawfully decline such reconsideration.
 I.
¶ 4 You ask first whether OPERS had the authority to change its prior certification of credited service for the 1980 transferees. The answer to this question hinges on the degree of finality attaching to the prior certification by OPERS.
 A.
¶ 5 If the certification by OPERS is something less than final agency action under the Administrative Procedures Act (APA), 75O.S. 250 (1988) et seq., there are a few apparent limitations on an agency's power to modify an interim or interlocutory order, or to correct a ministerial error in the recording of a member's credited service. The United States Supreme Court has held that administrative agencies may review prior determinations they may have made if their jurisdiction has not terminated. See, e.g.Wilbur v. United States, 281 U.S. 206, 74 L.Ed. 809 (1929). The same Court has held that federal statutory provisions similar to74 O.S. 903 and 74 O.S. 909(9) (1981) authorize the Interstate Commerce Commission to correct inadvertent ministerial omissions in the certificates issued certain trucking companies.American Trucking Associations, Inc. v. Frisco TransportationCompany, 358 U.S. 133, 145, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958). Also, a federal appeals court has ruled that this principle of law permitted the Occupational Safety and Health Administration to correct, seven years after the fact, ministerial errors in regulations that the agency had issued, notwithstanding that the mistakes involved were largely the results of "bureaucratic ineptitude," "inattentiveness and tardiness." ChlorineInstitute, Inc. v. Occupational Safety and HealthAdministration, 613 F.2d 120 (5th Cir. 1980).
¶ 6 The action taken by OPERS in certifying the prior service credit of the transferees could not have constituted a final order appealable under the APA unless the certification issued following an individual proceeding which had been held pursuant to 75 O.S. 309 (1981), or that right had been waived by a transferee. Whether such a waiver occurred in any particular instance is a question of fact. Any act by OPERS affecting the rights of the transferees which would not be sufficient to confer jurisdiction of a review court pursuant to 75 O.S. 318 (1981) cannot be a "final order." See, Ricks Exploration Company v.Oklahoma Water Resources Board, 695 P.2d 498, 501 (Okla. 1984).
¶ 7 Nor is OPERS necessarily deprived of jurisdiction to correct or modify its prior certifications simply because the OSBI employees are now members of OLERS. See Duvin v. StateDepartment of the Treasury, Public Employees Retirement System,386 A.2d 842 (N.J. 1978) (holding that the defendant pension board was empowered to consider whether good cause was shown to reopen the original pension application and whether the plaintiff had shown reasonable diligence in applying to reopen his case notwithstanding that the claimant was no longer a "member").
 B.
¶ 8 If OPERS has previously denied an application for credited service after an individual proceeding under the A.P.A., and has issued a final order, rehearing would be available under the circumstances and conditions outlined in 75 O.S. 317 (1981). An agency's final order, if not appealed from in a timely manner may, in the absence of express statutory authority, deprive the agency of jurisdiction to act further. See, Nash v. DouglasAircraft Co., 214 P.2d 919, 922 (Okla. 1950). OPERS, however, has additional limited authority, under 74 O.S. 909(9) (1981), to modify its otherwise final decisions. 74 O.S. 909(9) reads as follows:
 All decisions of the Board as to questions of fact shall be final and conclusive on all persons except for the right of review as provided by law and except for fraud or such gross mistake of fact as to have effect equivalent to fraud.
(Emphasis added).
¶ 9 Whether any final decision of OPERS should be set aside under 74 O.S. 909(9) would inevitably involve questions of fact beyond the scope of an Attorney General opinion. Those determinations are committed, rather, to the sound discretion of OPERS:
 The System shall be vested with the powers and duties specified in this act and such other powers as may be necessary to enable it, its officers, employees, and agents to carry out fully and effectively the purposes and intent of this act.
74 O.S. 903 (1981).
 C.
¶ 10 A final consideration with respect to your first question involves the potential application of 47 O.S. 2-307.4, a statute which became effective on July 20, 1987, and which provides as follows:
 A. Any member of the Oklahoma Law Enforcement Retirement System with military service prior to membership in the Oklahoma Law Enforcement Retirement System shall be granted service credit, not to exceed five years, for those periods of active military service during which he was a war veteran. Such military service credit shall not apply to any person receiving military retirement benefits other than service-connected disability benefits established by either the military service or the Veterans Administration. Service-connected disability benefits shall be established within five years after separation from the military service.
 B. As used in this section, "military service" means service in the Armed Forces of the United States in time of war or national emergency, as defined in 72 O.S. 67.13a of the Oklahoma Statutes, from which the member was honorably discharged.
 C. Service credit received pursuant to this section shall be used in determining the member's retirement benefit but shall not be used in determining years of service for retirement or vesting purposes.
(Emphasis added).
¶ 11 This statute speaks clearly to the use and limitations of prior military service benefits by OLERS members. You will note, for example, that 47 O.S. 2-307.4(C), quoted immediately above, permits the use of such credit to determine the members' retirement benefit but prohibits its use in determining years of service for retirement or for "vesting purposes." (The comparable provisions of the OPERS statute omit this latter limitation.See, 74 O.S. 913(1)(d) and 74 O.S. 913(2)(c) (1988), which have been modified since 1980 in ways not germane to this analysis.) Therefore, OPERS would not be authorized to modify, amend, or correct its certification of credited service for those individuals who had not acquired vested rights prior to July 20, 1987. See, Baker v. Oklahoma Firefighters Pension and RetirementSystem, 718 P.2d 348 (Okla. 1986). "Service credits" which might be awardable to proper persons by OLERS under 47 O.S. 2-307.4
is not the legal equivalent to "credited service" as used in the OPERS statutes. OLERS's powers under 47 O.S. 2-307.4 are not a vehicle for correcting alleged errors made when "credited service" for OSBI members was calculated pursuant to the statutory transfer.
¶ 12 In sum, your first question may be answered as follows: OPERS may lawfully amend, modify, or correct its certification of the credited service of persons statutorily transferred from OPERS to OLERS in 1980. Its discretion to do so will be limited by 75 O.S. 317 (1981) (the reconsideration provision of the APA) and 74 O.S. 903 and 74 O.S. 909(9) (1981) (fraud, or mistake of fact equivalent to fraud, in those circumstances where final decisions, if any, have been made). If no final order has been entered pursuant to 75 O.S. 312 (1981), OPERS has ample authority to amend, modify, or correct its prior certification as to those individuals who had acquired vested rights as of July 20, 1987.
 II.
¶ 13 Your second question seeks to ascertain whether OPERS may lawfully decline to reconsider its prior certification based solely on the member's failure to utilize a procedure not specified in statute or by rule. The answer is no. It should first be noted that the prior military service credit available to OPERS members in 1980 was provided by the Legislature in language which makes the crediting of such service mandatory: "Prior service shall be credited . . ." 74 O.S. 913(1)(d) (1981); "Participating service shall be credited . . ." 74O.S. 913(2)(c) (1981). OPERS was authorized to adopt rules and regulations "for the general administration of the System," (74O.S. 909(1) (1981) and "for the transaction of its business consistent with law," (74 O.S. 909(2) (1981). It might have used this rule-making power to establish procedures for members to use in obtaining the proper credited service. Any such rules, if adopted, could not, of course, arbitrarily deprive persons of rights granted by statute. Joseph E. Seagrams and Sons v.Oklahoma Alcoholic Beverage Control Board, 637 P.2d 88 (Okla. 1981). A review of the then applicable Rules and Regulations for OPERS discloses that rules prescribing the procedure for establishing credited service for certification to OLERS appear not to have been adopted.
¶ 14 Even in the absence of properly promulgated rules, however, the test for evaluating an agency's administrative action remains the same: has agency power been exercised in an arbitrary or unreasonable manner or in disregard of fundamental rules of due process of law. State v. Moyers, 189 P.2d 952
(Okla.Crim.App. 1948). To deny an opportunity for a hearing, in violation of its own rules, on an application for rehearing submitted by a former member with arguably vested rights would undoubtedly run afoul of the Moyer standard. OPERS may not lawfully decline to exercise its discretion to consider whether a modification is warranted in any given instance. See, City ofTulsa v. Jacobs, 148 P.2d 172 (Okla. 1944). Whether a particular application to reconsider a certification of credited service is timely brought and should be granted lies well within the sound discretion of OPERS. OPERS must apply its own rules for hearings and must issue its final order in the form required by the APA. Whether reconsideration is required in any particular case is a question of fact or a mixed question of fact and law which is beyond the scope of an Attorney General opinion.
¶ 15 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The Oklahoma Public Employees Retirement System (OPERS),may lawfully amend, modify or correct its prior certification ofthe credited service it transferred, pursuant to 47 O.S.2-309.1 (1981), to the Oklahoma Law Enforcement RetirementSystem, if no final order in an individual proceeding has beenentered by OPERS. Otherwise, its discretion to so modify islimited by 74 O.S. 903 and 74 O.S. 909(9) (1981), and isfurther limited to those transferees who acquired vested rightsas of July 20, 1987.
 2. The Oklahoma Public Employees Retirement System may notlawfully decline to consider or rule upon an application by anaffected person to amend, modify, or correct its priorcertification based solely on the member's failure to follow atthe time of such certification a procedure not specified bystatute or rule.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
NED BASTOW ASSISTANT ATTORNEY GENERAL